[Cite as *State v. Hayward*, 2017-Ohio-8611.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                    Court of Appeals No. WD-17-010

      Appellee                              Trial Court No. 2015CR262

v.

Walter L. Hayward, Jr.                    **DECISION AND JUDGMENT**

      Appellant                             Decided:  November 17, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Stephen D. Long, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Walter L. Hayward, Jr., appeals the April 25, 2016 judgment of the Wood County Court of Common Pleas.  For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} On January 14, 2016, Walter L. Hayward, Jr. entered a plea of guilty to one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.31(A)(1)(B)(1), a second-degree felony; two counts of grand theft, violations of R.C. 2913.02(A)(1)(B)(2), fourth-degree felonies; and 15 counts of theft, violations of R.C. 2913.02(A)(1)(B)(2), fifth-degree felonies. The trial court imposed an aggregate prison term of eight years, and ordered restitution in the amount of $87,359.99 to the various victims, all automotive dealerships. Hayward appealed the trial court judgment and assigns the following error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION BY ACCEPTING THE APPELLANT'S GUILTY PLEA WITHOUT ENSURING THAT THE PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED AND DID NOT STRICTLY COMPLY WITH CRIM.R. 11(C)(2)(c).

## II. Law and Analysis

{¶ 3} In his sole assignment of error, Hayward claims that his guilty plea was not entered knowingly, intelligently, and voluntarily because the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) before accepting his plea. Specifically, Hayward contends that the trial court failed to inform him that by entering his plea, he was waiving his right to a jury trial.

{¶ 4} Crim.R. 11(C)(2)(c) provides as follows:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: * * * Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 5} In other words, before accepting a plea of guilty, Crim.R. 11(C)(2)(c) requires the trial court to advise the defendant of the constitutional rights he is waiving by entering his plea, which includes the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19.

{¶ 6} The Ohio Supreme Court has made clear that strict compliance with Crim.R. 11(C)(2)(c) is required. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *Veney at* ¶ 18. To that end, the preferred method of informing a

3.

criminal defendant of his constitutional rights is to use the language contained in Crim.R. 11(C)(2)(c). *Veney* at ¶ 18. The failure to recite the language of the rule word-for-word will not invalidate a plea agreement, however, so long as "the record demonstrates that the trial court explained the constitutional right[s] in a manner reasonably intelligible to that defendant." (Internal quotations and emphasis omitted.) *Veney* at ¶ 27, quoting *State v. Ballard*, 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (1981); *Barker* at ¶ 15.

{¶ 7} Here, Hayward executed a written plea agreement enumerating the rights he was waiving by entering his plea. In it, he acknowledged: "I understand that I have a right to have my case tried to a jury of my peers, or to this Court, sitting without a jury." The trial court also engaged in the following colloquy with Hayward before accepting his plea:

> The Court: Alright. Now, on the bottom of Page 6 and the top of Page 7, there is a paragraph dealing with your constitutional rights and I want to make sure that you understand the rights that you are giving up by entering this plea today, alright?
>
> The Defendant: Yes, sir.
>
> The Court: Do you understand that you are presumed innocent of all these charges. That presumption stays with you until the prosecutor proves your guilt beyond a reasonable doubt, understood?
>
> The Defendant: Yes, Your Honor.

4.

The Court: Do you understand that *you have the right to a speedy and public trial*?

The Defendant: Yes, Your Honor.

The Court: You have a right to an attorney at every stage of the proceedings?

The Defendant: Yes, Your Honor.

The Court: Now, had there been a trial, Mr. Hayward, you would be able to be present right where you are at that table. You would be able to see and hear any witnesses that testified against you in the trial. You would be able to talk to Ms. Driftmyer about what those witnesses said and she would be able to cross-examine them, you understand that?

The Defendant: Yes, Your Honor.

The Court: If you had witnesses you wanted to come to the trial and testify on your behalf, the Court stands ready to assist you with that by issuing subpoenas to your witnesses.

The Defendant: Yes, Your Honor.

The Court: Those subpoenas would tell them when the trial was and that they had to appear and testify, understood?

The Defendant: Yes, Your Honor.

The Court:  You would also have the right to testify yourself if you chose to do so.  If you wanted to testify, nobody could stop you from doing that, understood?

The Defendant:  Yes, Your Honor.

The Court:  On the other hand, you also have the right not to testify.  If you chose not to testify, *then I would instruct the jury* that they could not weigh that in deciding your guilt or innocence of these charges, understood?

The Defendant:  Yes, Your Honor.

* * *

(Emphasis added.)

{¶ 8} Hayward contends that because the trial court orally advised him only that he had a right "to a speedy and public trial"—and did not orally advise him of his right to a *jury* trial—it failed to strictly comply with Crim.R. 11(C)(2)(c).  He insists, therefore, that his plea was not entered knowingly, intelligently, and voluntarily, and must be vacated.

{¶ 9} A number of Ohio courts have considered whether a trial court violates Crim.R. 11(C)(2)(c) when it fails to specifically inform the defendant that he has the right to a trial by jury.  In *Ballard*, 66 Ohio St.2d 473, 479, 423 N.E.2d 115, the trial court advised defendant of his right to a "fair and impartial trial," but failed to specify that he had the right to a *jury* trial.  Later in its colloquy, while explaining the right against

6.

compulsory self-incrimination, the court informed the defendant that "neither judge nor jury" could draw any inference if he refused to testify. *Id*. at 480-481. The Ohio Supreme Court held that "a rote recitation of Crim. R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea." *Id.* at 480. Rather, the court explained, the focus on review "is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." Applying this standard, the court held that the trial court satisfied its obligation to inform the appellant of his right to a trial by jury. *Id*. at 482.

{¶ 10} The Eleventh District in *State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, reached the same conclusion under similar circumstances. There the trial court advised the defendant of his right to a trial, but failed to specifically mention the right to a trial *by jury*. The appellate court found no Crim.R. 11(C)(2)(c) violation because (1) elsewhere in the trial court's colloquy, it recited the elements of each offense and advised defendant that the "state would have to 'prove [those] elements by proof beyond a reasonable doubt to the *unanimous satisfaction of a jury*;'" and (2) the right to a jury trial was explained in the written plea form executed by the defendant. *Id.* at ¶ 27, 39, 40, 55. It held that the defendant's plea was knowingly, intelligently, and voluntarily made. *Id.* at ¶ 57.

{¶ 11} And the Second District addressed this issue in *State v. Smiddy*, 2d Dist. Clark No. 2014-CA-148, 2015-Ohio-4200. There the trial court asked the defendant if he

7.

understood that he had "the right to a trial"—without reference to the right to a trial *by jury*. It later stated that the state would have the burden to prove beyond a reasonable doubt each element of the offenses and that he could be convicted only upon a unanimous verdict of *a jury*. *Id*. at ¶ 6. The appellate court concluded that the trial court adequately explained the right to a trial by jury given the later reference to the role of the jury and the specific reference to the right to a jury trial in the written plea agreement. *Id*. at ¶ 6, 15. It found no Crim.R. 11(C)(2)(c) violation.

{¶ 12} Here, while the trial court did not specifically advise Hayward of his right to a *jury* trial, it brought his attention to page six of the written waiver of rights that he executed, where the right to a jury trial was explicitly referenced. Moreover, the trial court explained during the plea colloquy that if Hayward chose not to testify, it would "instruct the jury" that it could not weigh this as a factor in determining Hayward's guilt or innocence. We find that the trial court explained the right to a jury trial in a manner reasonably intelligible to Hayward, and therefore, complied with Crim.R 11(C)(2)(c) in accepting Hayward's guilty plea.

{¶ 13} We find Hayward's sole assignment of error not well-taken.

### III. Conclusion

{¶ 14} The trial court complied with Crim.R. 11(C)(2)(c) in accepting Hayward's guilty plea despite the fact that it did not recite the language of the rule word-for-word in explaining the right to a jury trial. We, therefore, find Hayward's sole assignment of

8.

error not well-taken and affirm the April 25, 2016 judgment of the Wood County Court of Common Pleas.  The costs of this appeal are assessed to Hayward under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                           JUDGE

James D. Jensen, P.J.

                                   _____
Christine E. Mayle, J.                                    JUDGE
CONCUR.

                                   _____
                                                            JUDGE