[Cite as *State v. Grigsby*, 2017-Ohio-8760.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27443 |
| | : | |
| v. | : | Trial Court Case No. 2011-CRB-2094 |
| | : | |
| DUSTIN GRIGSBY | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of December, 2017.

. . . . . . . . . . .

LORI E. DENLINGER, Atty. Reg. No. 0053384, West Carrollton City Prosecutor, 300 East Central Avenue, West Carrollton, Ohio 45449
        Attorney for Plaintiff-Appellee

STEPHEN P. HARDWICK, Atty. Reg. No. 0062932, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Dustin Grigsby, appeals from his conviction and sentence in the Miamisburg Municipal Court after pleading guilty to one count of unlawful sexual conduct with a minor.   In support of his appeal, Grigsby contends that the trial court erred in ordering him to register as a sex offender because his offense was charged as a first-degree misdemeanor and the parties stipulated that the sexual conduct at issue was consensual.   Under these circumstances, Grigsby claims that he is not required to register as a sex offender under any tier of Ohio's sex offender registration and notification laws.   For the reasons outlined below, that part of the judgment of the trial court ordering Grigsby to register as a sex offender will be reversed and the matter will be remanded for further proceedings consistent with this opinion.   The judgment is otherwise affirmed.

## Facts and Course of Proceedings

**{¶ 2}** On October 6, 2011, a complaint was filed in the Miamisburg Municipal Court charging Grigsby with one first-degree-misdemeanor count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A).   The complaint alleged that Grigsby engaged in sexual conduct with 15-year-old J.H. on several occasions in 2011, which resulted in J.H. giving birth at the age of 16.   At the time of the sexual conduct in question, Grigsby was 22 years old, six years older than J.H.

**{¶ 3}** The day after the complaint against Grigsby was filed, the trial court issued a warrant for Grigsby's arrest.   Four and a half years later, Grigsby was taken into custody and released on bond.   On May 16, 2016, Grigsby appeared in court and pled guilty to unlawful sexual conduct with a minor as charged in the complaint.

{¶ 4} Prior to entering his guilty plea, the trial court advised Grigsby that, depending on whether the sexual conduct with J.H. was consensual, he would be required to register as either a Tier I or Tier II sex offender.   The trial court also advised that the issue of consent and Grigsby's sex offender designation would be determined at sentencing.   Grigsby, however, moved the trial court to determine the issue of consent prior to sentencing.   In response, the trial court scheduled the matter for an evidentiary hearing on July 25, 2016.

{¶ 5} At the evidentiary hearing, the parties stipulated that the sexual conduct between Grigsby and J.H. was consensual.   Hearing Trans. (July 25, 2016), p. 3. Following the stipulation, Grigsby objected to being required to register as a sex offender. Grigsby contended that because he pled guilty to unlawful sexual conduct as a first-degree misdemeanor, which requires the offender to be less than four years older than the victim, that he should be treated as being less than four years older than J.H. despite the actual six-year age difference.   Because he believed that he should be treated as being less than four years older than J.H. and because the sexual conduct with J.H. was consensual, Grigsby contended that Ohio law does not require him to register as a sex offender.

{¶ 6} Specifically, Grigsby's defense counsel argued that:

[I]f you accept the facts as they originally are with regards to the age difference, [Grigsby] should have been charged with a felony, and he was not, so we [pled] to the misdemeanor, so that's what we have, uh, it wasn't [the prosecutor's] decision but the police officers actually chose the wrong section to charge him with.   So we have a conviction now under a

misdemeanor and my argument is that because he [pled] to a misdemeanor, it presupposes the age range found in the misdemeanor statute, which means that he would be a tier one sex offender if the State could prove lack of consent. Since they can't prove lack of consent, this case I gave you says he is not to be registered, period. So my whole argument, I'm basing my argument on the fact that he [pled] to a misdemeanor and not a felony and everything flows from that.

Hearing Trans. (July 25, 2016), p. 4.

{¶ 7} After the evidentiary hearing, the trial court issued a written decision on August 1, 2016, concluding that Grigsby was required to register as a Tier I sex offender. In reaching this decision, the trial court found that since Grigsby had pled guilty to a first-degree-misdemeanor violation of R.C. 2907.04(A) as if he had been less than four years older than the victim, that he should be sentenced as though he was less than four years older than the victim. The trial court then determined that pursuant to R.C. 2950.04, an offender less than four years older than the victim is required to register as a Tier I sex offender. The trial court's decision did not address the fact that the parties had stipulated to the sexual conduct being consensual.

{¶ 8} On August 12, 2016, the trial court issued an amended decision that indicated the parties had stipulated to the sexual conduct being consensual. The trial court also reiterated its conclusion that Grigsby was required to register as a Tier I sex offender. In reaching that conclusion, the trial court once again explained that although Grigsby was more than four years older than J.H., he was charged as if he had been less than four years older and his sentencing should reflect the same.

{¶ 9} After the trial court resolved the sex offender registration issue, Grigsby failed to appear at his sentencing hearing scheduled for August 22, 2016. Although Grigsby later appeared in court for sentencing on October 24, 2016, instead of sentencing Grigsby, the trial court ordered a presentence investigation report and rescheduled his sentencing for December 19, 2016.

{¶ 10} At the rescheduled sentencing hearing, the trial court ordered Grigsby to serve 180 days in jail with 171 days suspended. In addition, the trial court sentenced Grigsby to a one-year, non-reporting probationary period and ordered him to have no contact with J.H. The trial court also ordered Grigsby to pay a $280 fine and to register as a Tier I sex offender. However, the corresponding sentencing entry issued by the trial court on January 9, 2017, ordered Grigsby to register as a Tier II sex offender.

{¶ 11} Grigsby now appeals from his conviction and sentence raising one assignment of error for review.

**Assignment of Error**

{¶ 12} Grigsby's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPOSING ADAM WALSH ACT SEX OFFENDER REGISTRATION REQUIREMENTS OVER OBJECTION EVEN THOUGH MR. GRIGSBY DID NOT ADMIT AS PART OF HIS GUILTY PLEA THAT HE WAS AT LEAST FOUR YEARS OLDER THAN THE VICTIM OR THAT ANY SEXUAL CONTACT WAS NON-CONSENSUAL.

{¶ 13} Under his sole assignment of error, Grigsby contends that because he pled

guilty to unlawful sexual conduct with a minor as a first degree misdemeanor under R.C. 2907.04, and because the sexual conduct at issue was stipulated as being consensual with the victim, he cannot be required to register as a sexual offender under Ohio's version of the Adam Walsh Act.

{¶ 14} "[I]n 2007, the General Assembly enacted the Adam Walsh Act, which 'repealed Megan's Law, effective January 1, 2008, and replaced it with new standards for sex-offender classification and registration pursuant to the federal Adam Walsh Child Protection and Safety Act, Section 16901 et seq., Title 42, U.S. Code.' " *In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, ¶ 15, quoting *Bundy v. State*, 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, ¶ 5. "This scheme, which the General Assembly codified in R.C. Chapter 2950, divides sex offenders into Tier I, Tier II, and Tier III sex or child-victim offenders." *Id.*, citing R.C. 2950.01(E) through (G).

{¶ 15} Offenders classified under the Adam Walsh Act for a "sexually oriented offense" are obligated to register with the sheriff in the county where the offender was convicted or pled guilty. R.C. 2950.04(A)(1)(a). The offense of unlawful sexual conduct with a minor in violation of R.C. 2907.04 qualifies as a "sexually oriented offense" under the following circumstances set forth in R.C. 2950.01(A):

(2) * * * when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, the other person did not consent to the sexual conduct, and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code;

(3) * * * when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code[.]

R.C. 2950.01(A)(2), (A)(3).

{¶ 16} R.C. 2950.01(F)(1)(b) provides that a person who commits unlawful sexual conduct with a minor in violation of R.C. 2907.04 is a Tier II sex offender when:

the offender is at least four years older than the other person with whom the offender engaged in sexual conduct, or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or former section 2907.12 of the Revised Code[.]

{¶ 17} R.C. 2950.01(E)(1)(b) provides that a person who commits unlawful sexual conduct with a minor in violation of R.C. 2907.04 is a Tier I sex offender when:

the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, the other person did not consent to the sexual conduct, and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised

Code[.]

{¶ 18} Therefore, "[a] person convicted of violating R.C. 2907.04 is a Tier I sex offender if the offender was less than four years older than the victim, there was no consent, and the offender has not been convicted of or pled guilty to certain sex offenses." *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 14, citing R.C. 2950.01(E)(1)(b). "But if the offender is at least four years older than the victim, or if the offender is less than four years older but has been convicted of or pled guilty to certain sex offenses, the classification is raised to that of Tier II sex offender." *Id.*, citing R.C. 2950.01(F)(1)(b).

{¶ 19} "Generally, a violation of R.C. 2907.04 is a fourth-degree felony[.]" *Id.* at ¶ 12, citing R.C. 2907.04(A) and (B)(1). However, the offense is reduced to a misdemeanor of the first degree if the age span between the victim and the offender is less than four years. *Id.*, citing R.C. 2907.04(B)(2).

{¶ 20} Not all first-degree-misdemeanor violations of R.C. 2907.04, in which the offender is less than four years older than the victim, requires an offender to register as a sex offender. "[A]lthough some defendants who violate R.C. 2907.04 are classified as 'Tier I sex offenders' under Section 2950.01(E)(1)(b) of the Ohio Revised Code, defendants who are less than four years older than the person with whom they engaged in sexual conduct are excluded from classification if that other person consented to the sexual conduct." *State v. Battistelli*, 9th Dist. Lorain No. 09CA009536, 2009-Ohio-4796, ¶ 11. *Accord State v. Metzger*, 11th Dist. Portage No. 2010-P-0077, 2011-Ohio-3749, ¶ 24; *State v. Meade*, 12th Dist. Brown No. CA2009-07-024, 2010-Ohio-2435, ¶ 24; *State v. Clair*, 5th Dist. Stark No. 2012-CA-00132, 2013-Ohio-1630, ¶ 20.

{¶ 21} More specifically, we have held that a defendant without any prior convictions for the sex offenses listed in R.C. 2950.01(E)(1)(b) "would not be properly classified as a sex offender at all if he was less than four years older than his victim and the sexual conduct was consensual." *State v. Moore*, 2d Dist. Darke No. 2013-CA-9, 2014-Ohio-1123, ¶ 14.

{¶ 22} In this case, there is no dispute that Grigsby pled guilty to unlawful sexual conduct with a minor as a first-degree misdemeanor, which again, requires the offender to be less than four years older than the victim. Additionally, the record establishes that the parties stipulated to the sexual conduct at issue being consensual. There is also nothing in the record indicating that Grigsby has been previously convicted of any of the sexual offenses listed in R.C. 2950.01(E)(1)(b). Under these circumstances, R.C. 2950.01(E)(1)(b) appears to exclude Grigsby from having to register as a sexual offender.

{¶ 23} The point of contention, however, concerns Grigsby's actual age. According to the State, Grigsby's guilty plea to a first-degree misdemeanor charge of unlawful sexual conduct does not change the fact that he is actually more than four years older than the victim. Because of this age difference, the State maintains that Grigsby committed a sexually oriented offense under R.C. 2950.01(A)(3) and is subject to a Tier II sexual offender classification under R.C. 2950.01(F)(1)(b). The State also maintains that in sentencing Grigsby, the trial court was free to make a finding that Grigsby was six years older than J.H. because his age was an undisputed fact in the record.

{¶ 24} Grigsby, on the other hand, claims that his guilty plea to first-degree misdemeanor unlawful sexual conduct requires him to be sentenced as if he were less than four years older than the victim despite the actual six year age difference. He claims

that because he pled guilty to an offense that required him to be less than four years older than the victim and the sexual conduct was consensual, his offense was not a "sexually oriented offense" under R.C. 2950.01(A)(2) and he does not qualify as a Tier I sexual offender under R.C. 2950.01(E)(1)(b).

{¶ 25} The Tenth District Court of Appeals reviewed a similar set of circumstances in *State v. Adams*, 10th Dist. Franklin No. 09AP-141, 2010-Ohio-171. In *Adams*, the defendant, who was more than four years older than the victim, pled guilty to a first-degree misdemeanor charge of unlawful sexual conduct with a minor as part of a plea agreement. *Id.* at ¶ 2, 24. Although there was no evidence submitted with respect to consent, the State argued that even if the victim had consented to the sexual conduct, the offense still qualified as a sexually oriented offense under R.C. 2950.01(A)(3) and subjected the defendant to classification as a Tier II sex offender under R.C. 2950.01(F)(1)(b), because the defendant was actually more than four years older than the minor victim. *Id.* at ¶ 23, 24.

{¶ 26} The court in *Adams* disagreed with the State and found that the plea agreement was binding regarding the elements of the offense and that the parties essentially stipulated that the defendant was not four years older than the victim. *Id.* at ¶ 25-27. After finding the trial court had no basis to presume lack of consent, the *Adams* court held that: "Because defendant's underlying conviction offense does not constitute a 'sexually oriented offense' under Ohio's sex offender registration and notification scheme * * *, the trial court properly concluded defendant is not subject to classification or a duty to register as a 'sex offender' under Ohio's existing law." *Id.* at ¶ 1.

{¶ 27} Although there was no plea agreement in the present case, like *Adams*,

Grigsby pled guilty to first-degree misdemeanor unlawful sexual conduct with a minor even though he was more than four years older than the victim. We note that a " 'guilty plea is an admission of all the elements of a formal criminal charge * * *.' " *State v. Bibler*, 2014-Ohio-3375, 17 N.E.3d 1154, ¶ 12 (3d Dist.), quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Because Grigsby's convicted offense includes the element of being less than four years older than the victim, the State is bound by that element and cannot attempt to have Grigsby punished for a greater version of the offense regardless of his actual age, as sex offender registration requirements are based solely on the fact of conviction. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 20. Courts have no discretion in classifying adult sex offenders under the Adam Walsh Act; rather, the classification is automatically determined by the offense. *State v. Golson*, 2017-Ohio-4438, ___ N.E.3d ___, ¶ 14 (8th Dist.).

**{¶ 28}** While the trial court in this case correctly found that Grigsby should be sentenced as if he were less than four years older than the victim, it nevertheless erred in ordering Grigsby to register as a Tier I sex offender at the sentencing hearing and, in what we presume to be a clerical error, a Tier II sex offender in the sentencing entry. The trial court erred because Grigsby's underlying offense required him to be less than four years older than the victim, the parties stipulated to consensual sexual conduct, and Grigsby had no prior convictions for sexually oriented offenses. Under these circumstances, Grigsby is excluded from having to register as a sexual offender, as his offense does not qualify as a "sexually oriented offense" under R.C. 2950.01(A)(2) or (A)(3), and does not warrant a Tier I or Tier II sex offender classification under R.C.

2950.01(E)(1)(b) and R.C. 2950.01(F)(1)(b).

{¶ 29} Grigsby's sole assignment of error is sustained.


**Conclusion**

{¶ 30} Having sustained Grigsby's sole assignment of error, that part of the judgment of the trial court ordering Grigsby to register as a sex offender is reversed and the matter is remanded to the trial court. Upon remand, the trial court is ordered to vacate the designation of Grigsby as a sex offender under Chapter 2950 of the Revised Code. The judgment is otherwise affirmed.


. . . . . . . . . . . .


HALL, P.J. and TUCKER, J., concur.


Copies mailed to:

Lori E. Denlinger
Stephen P. Hardwick
Hon. Robert W. Rettich, III