[Cite as *State v. Thomas*, 2018-Ohio-2815.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHAWN MARTIN THOMAS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0014**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 16 CR 210

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. J. Flanagan,* Chief Assistant Prosecutor, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950  No Brief Filed for Plaintiff-Appellee and

*Atty. Edward Czopur,* DeGenova & Yarwood, Ltd., 42 North Phelps St., Youngstown, Ohio 44503, for Appellant-Defendant.

Dated: July 2, 2018

**Robb, P.J.**

{¶1} Defendant-Appellant Shawn Martin Thomas appeals the judgment of the Belmont County Common Pleas Court upon his guilty plea to three counts of unlawful sexual conduct with a minor. Appellant argues the plea was not knowing, intelligent, or voluntary because the trial court failed to explain that he was waiving the right to a jury trial where the court merely stated he was waiving the right to a "speedy and public trial" without mentioning a jury at any point in the colloquy. As strict compliance with the plea advisements on constitutional rights is required, Appellant's argument has merit. In accordance, this court concludes the trial court's judgment is reversed, and the case is remanded for further proceedings.

STATEMENT OF THE CASE

{¶2} On August 3, 2016, Appellant was indicted for attempted rape with the allegation he purposely compelled A.M. to submit to sexual conduct by force or threat of force. *See* R.C. 2907.02(A)(2); R.C. 2923.02(A). This offense would have been subject to Tier III classification, the highest sex offender label. *See* R.C. 2950.01(G)(a)(i). Appellant appeared for a plea hearing on November 21, 2016, at which time the parties advised the court a resolution had not been reached. A motion to suppress was filed on November 30, 2016, with regard to statements Appellant made during his August 30, 2016 interview at the Belmont County jail. The suppression motion was thereafter supplemented with a memorandum in support. Continuances were granted. When the case was called for the suppression hearing on January 31, 2017, the parties jointly requested a continuance to allow Appellant to consider the latest plea offer. The case was reset for February 13, 2017, at which time Appellant signed the plea agreement.

{¶3} Pursuant to the agreement, the state amended the second-degree felony attempted rape count in the indictment to fourth-degree felony unlawful sexual conduct with a minor. The agreement called for Appellant to plead guilty to this amended count plus two other fourth-degree felony counts of unlawful sexual conduct with a minor as

set forth in a newly-filed bill of information. *See* R.C. 2907.04(A),(B)(1).[1] Both the original indictment for the first offense and the bill of information for the two additional offenses stated the conduct occurred "on or about April 2011 through July 17, 2011" against A.M. whose date of birth was specified as "03-11-95" which means she turned 16 before the start of the approximate date range for the offense.[2] Appellant waived his right to have the charges presented to a grand jury and signed a waiver of indictment. Defense counsel withdrew the motion to suppress. The court conducted a plea colloquy, and Appellant pled guilty to the three fourth-degree felony counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A),(B)(1). The court memorialized the plea in a February 14, 2017 judgment entry. A presentence investigation and victim impact statement were ordered.

{¶4} At the February 27, 2017 sentencing, Appellant was offered his right to allocution, but he declined to speak. In accordance with the plea agreement, the prosecution took no position on sentencing, and the defense asked for concurrent sentences. The court reviewed information about the offense from the presentence investigation report and the victim impact statement. The court spoke of the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The court reviewed Appellant's criminal history and made consecutive sentence findings under R.C. 2929.14.

{¶5} Appellant was sentenced to the maximum of eighteen months on each count to run consecutively. The court imposed a mandatory term of five years of post-release control as required by R.C. 2967.28(B)(1) and notified him if he violated the

---

[1] Unlawful sexual conduct with a minor is a fourth-degree felony unless the offender is charged with: being less than four years older than the victim, in which case it is a first-degree misdemeanor; being ten or more years older than the victim, in which case it is a third-degree felony; or having certain prior convictions, in which case it is a second-degree felony. *See* R.C. 2907.04(B)(1)-(4). Although Appellant was more than ten years older than the victim, he negotiated the ability to plead to fourth-degree felonies under R.C. 2907.04(B)(1).

[2] We note the offense of unlawful sexual conduct with a minor deals with a victim who is under 16 years old (and at least 13). *See* R.C. 2907.04(A) ("No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.").

terms, then the parole board could return him to prison for a maximum of nine months for each violation for a total not to exceed one-half of his minimum stated prison term. *See State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 9, citing R.C. 2929.19(B)(2)(c)-(e). The court also explained the parole authority can increase or reduce the restrictions imposed and, if Appellant is convicted of a felony while under post-release control, the court sentencing on the new felony could return him to prison in the current case and consecutively sentence him to prison for the new felony.

{¶6} The court labeled Appellant a Tier I sex offender and ordered him to register with the sheriff annually for fifteen years. The statutory sex offender registration notice was signed at hearing. Appellant's status was marked as a Tier I sex offender, and the notice explained a Tier I sex offender was required to register for 15 years with annual in-person verification. Appellant was given 89 days of jail time credit. The February 27, 2017 sentencing entry reiterated the court's findings.

{¶7} A timely notice of appeal was filed, and a new attorney was appointed for the appeal. On September 28, 2017, counsel filed a motion to withdraw and an *Anders* brief setting forth a proposed assignment of error on consecutive sentencing but concluding the trial court's findings were sufficient. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29 ("a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld"). This court appointed new counsel under *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On April 4, 2018, Appellant's new counsel filed a brief challenging the guilty plea.

ASSIGNMENT OF ERROR: PLEA COLLOQUY ON JURY TRIAL

{¶8} Appellant's sole assignment of error provides:

"The trial court did not comply with Crim.R. 11(C)(2)(c) in that it did not inform Appellant of his right to a jury trial, therefore the plea was not made knowingly, intelligently, and voluntarily requiring reversal."

{¶9} A guilty plea is governed by Crim.R. 11. The non-constitutional rights contained in this rule are subject to a substantial compliance analysis, which looks at

the totality of the circumstances to ascertain whether the defendant subjectively understood the implications of his plea and the rights he waived. *See, e.g., State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). However, strict compliance is required when addressing the constitutional rights contained in Crim.R. 11. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Regarding the constitutional rights, the trial court had the duty of:

> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(c). Where there is not strict compliance with these constitutional rights, the plea is invalid, without a requirement of showing prejudice. *Veney*, 120 Ohio St.3d 176 at ¶ 30.

{¶10} Although the trial court must strictly comply with this portion of the rule, the failure to recite the exact language of the rule will not invalidate a plea if the record demonstrates the court actually explained each constitutional right in a reasonably intelligible manner. *Barker*, 129 Ohio St.3d 472 at ¶ 14-15, 20. Based on this premise, the *Barker* Court held the trial court reasonably conveyed to the defendant that he was waiving the right to have compulsory process for obtaining witnesses in his favor where the court advised him of the right to "call witnesses to speak on your behalf" (and the plea agreement spoke of the defendant's ability to use the power of the court to call witnesses to testify).

{¶11} As for reviewing a plea agreement, the trial court has the duty to impart knowledge of the constitutional rights and "cannot simply rely on other sources to convey these rights to the defendant." *Veney*, 120 Ohio St.3d 176 at ¶ 29 (invalidating plea where court failed to orally inform defendant of his constitutional right to require the

state to prove his guilt beyond a reasonable doubt). Only where there is ambiguity in the court's references to the right, can the appellate court use the plea agreement to reconcile the ambiguity. *Barker*, 129 Ohio St.3d 472 at ¶ 23-27 (limiting *Veney* to the situation where a trial court omits any discussion of a constitutional right in the oral colloquy). Therefore, if the trial court makes no reference to one of the constitutional rights in any manner, the written plea agreement cannot cure the court's failure as to one of the rights. *See id.*

**{¶12}** Here, the court asked if Appellant understood he was waiving the following rights: "to a speedy and public" trial; to confront witnesses against him; to compulsory service of witnesses in his favor; to require the state to prove his guilt beyond a reasonable doubt; and to not be compelled to testify against himself. (Plea Tr. 6). As Appellant points out, the trial court did not refer to a "jury" trial.

**{¶13}** In some cases when a reviewing court is faced with this situation, the court can conclude there was a valid waiver by finding the reference to a jury was orally made when explaining some other aspect of the plea. *See, e.g., State v. Ballard,* 66 Ohio St.2d 473, 481, 423 N.E.2d 115 (1981); *State v. Hayward*, 6th Dist. No. WD-17-010, 2017-Ohio-8611, ¶ 8, 12; *State v. Smiddy*, 2d Dist. No. 2014-CA-148, 2015-Ohio-4200, ¶ 6, 15; *State v. Young*, 11th Dist. No. 2009-T-0130, 2011-Ohio-4018, ¶ 39-40. As in this case, the trial court in *Hayward* orally advised the defendant of the right "to a speedy and public trial" but later explained that if he chose not to testify, the court would "instruct the jury" it could not consider this decision. The Sixth District relied on the later reference to a jury in the plea colloquy and the plea agreement in order to uphold the plea. *Hayward*, 6th Dist. No. WD-17-010.

**{¶14}** In *Ballard*, the trial court advised the pleading defendant of his right to a "fair and impartial" trial. This was an insufficient reference to the right to a jury trial. However, in discussing the right against self-incrimination, the trial court informed the defendant that "neither judge nor jury" could draw any inference if he refused to testify. The defendant said he understood the rights explained to him. The Supreme Court concluded: "These statements and answers, taken together, lead us to the conclusion that the appellant was informed of his right to a trial by jury." *Ballard,* 66 Ohio St.2d at 481.

{¶15} Here, there is no reference to a jury in any other part of the plea transcript. As Appellant concedes, the written plea clearly and boldly states the guilty plea waives the right to a jury trial. Yet, as Appellant further contends, the plea agreement cannot be used where the right was not touched upon in any manner by the trial court at the time the plea was entered.

{¶16} In sum, the trial court failed to advise Appellant of his constitutional right to a jury trial by informing him of "the right to a speedy and public trial" where no reference to a jury was made elsewhere at the plea hearing. Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

SEXUAL OFFENDER TIERS

{¶17} Although not raised on appeal, this court is compelled to discuss the following issue with the sex offender tier label: Appellant was told he would be subject to Tier I registration of 10 years; registration for a Tier I sex offender is actually 15 years; but a sex offender convicted of fourth-degree felony unlawful sexual conduct with a minor is subject to a Tier II sex offender label which involves 25 years of registration. At the plea hearing, the trial court asked if Appellant understood he would be "registered as a sex offender, with the appropriate reporting requirements." (Plea Tr. 9). Appellant said he did and knew he would be required to sign a form in acknowledgement of the requirements. The court did not mention the tier or the duration of registration, but defense counsel voiced, "the prosecutor and I have determined this would be a Tier I Registration, which is once every 180 days for ten years." (Plea Tr. 10). The written plea agreement likewise stated in the section explaining the potential sentence: "Tier I Registration – every 6 mos. for 10 years."

{¶18} Contrary to this statement on the record and in the plea agreement, a person who is a Tier I sex offender is subject to *15* years of registration, and the verification of registration is annual. R.C. 2950.07(B)(3). The reference to 10 years in this division only relates to an offender who is a delinquent child. *Id.* This has been the case since 2008, when the Adam Walsh Act went into effect and created these tiers. At sentencing, the trial court designated Appellant as a Tier I sex offender with registration for 15 years, which is the proper duration for Tier I. *See id.* The statutory sex offender

registration notice signed at the hearing was marked for Tier I sex offender status and explained a Tier I sex offender was subject to annual in-person verification for 15 years. The sentencing entry reiterated Appellant's designation as a Tier I sex offender with 15 years of annual verification.

**{¶19}** Nevertheless, unlawful sexual conduct with a minor in violation of R.C. 2907.04 requires a Tier II sex offender label under R.C. 2950.01(F)(1)(b). The only exception can occur in certain cases where the defendant was less than four years older than the minor subjected to the sexual conduct.[3] Appellant was not less than four years older than the victim; nor did he negotiate a plea to such a lower degree of offense involving the lesser age difference. *Compare State v. Grigsby*, 2d Dist. No. 27443, 2017-Ohio-8760, ¶ 27-28. Appellant pled to fourth-degree felony unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(1).

**{¶20}** The only reference to R.C. 2907.04 in the definition of a Tier I sex offender is as follows: "A violation of section 2907.04 of the Revised Code *when the offender is less than four years older than the other* person with whom the offender engaged in sexual conduct, the other person did not consent to the sexual conduct, and the offender previously has not been convicted of or pleaded guilty to [certain sections]." (Emphasis added). R.C. 2950.01(E)(1)(b). This division has no relevance to the offenses to which Appellant pled guilty.

**{¶21}** Rather, a violation of R.C. 2907.04 when the offender is more than four years older than the person with whom the offender engaged in sexual conduct is contained in the definition of a Tier II sex offender. R.C. 2950.01(F)(1)(b). This division defines a Tier II sex offender as applying to a conviction for:

> A violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct, or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded

---

[3] *See* R.C. 2950.01(E)(1)(b) (the label can be Tier I if there is less than four years in age difference, a lack of consent, and no prior specified convictions); R.C. 2950.01(B)(2)(b) (and there is no sex offender label if the age difference is less than four years and the sexual conduct was consensual). *Compare* R.C. 2950.01(F)(1)(b) (the label is Tier II if the defendant has certain prior convictions, even if there is less than four years in age difference).

guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or former section 2907.12 of the Revised Code * * *.

R.C. 2950.01(F)(1)(b). In accordance, the offenses to which Appellant pled guilty made him subject to classification as a Tier II sex offender. *See* R.C. 2950.01(F)(1)(b). Tier II is a higher level than Tier I and is subject to a longer period of reporting and more frequent verification: every 180 days for 25 years. R.C. 2950.07(B)(2). This should be considered on remand during any new plea hearing.

**{¶22}** For the reasons set forth under Appellant's sole assignment of error, the trial court's judgment is reversed, and the case is remanded for further proceedings.

Waite, J., concurs.

Bartlett, J.,concurs.

Case No. 17 BE 0014

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**