[Cite as *State v. Rudai*, 2018-Ohio-4464.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES JASON RUDAI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0002**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 310

**BEFORE:**
Kathleen Bartlett, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
REVERSED AND REMANDED

---

*Atty. Scott Lloyd*, 147-A West Main Street, St. Clairsville, Ohio 43950, for Appellee, and

*Atty. John Jurco*, P.O. Box 783, St. Clairsville, Ohio 43950, for Appellant.

Dated: November 5, 2018

**BARTLETT, J.**

{¶1} Defendant James Jason Rudai appeals his conviction in the Belmont County Court of Common Pleas for one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree. The state did not file an appellate brief.

{¶2} Appellant signed a waiver of indictment, and, at the plea colloquy, was informed by the trial court that, by virtue of his plea, he was waiving his right to a "public trial." In his sole assignment of error, Appellant contends that his guilty plea is invalid because the trial court did not inform him of his constitutional right to a "jury trial." Because the trial court did not strictly comply with the notification requirements in Crim. R. 11, Appellant's sole assignment of error is sustained, his conviction is reversed, and this matter is remanded to the trial court for further proceedings.

{¶3} Guilty pleas are governed by Crim.R. 11. The notice requirements for non-constitutional rights incorporated in Rule 11 are subject to a substantial compliance analysis, which looks to the totality of the circumstances to ascertain whether the defendant subjectively understood the implications of his plea and the rights he waived. See, e.g., *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). Strict compliance is required when notifying the defendant of constitutional rights incorporated in Rule 11. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶4} The trial court must both inform the defendant, and determine that he understands, that by the plea he is waiving his constitutional rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial where he cannot be compelled to testify. Crim.R. 11(C)(2)(c). When a trial court fails to strictly comply with the notice requirements relating to a defendant's constitutional rights, the plea is invalid without a demonstration of prejudice. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621 at ¶ 30.

{¶5} Although the trial court must strictly comply with Rule 11(C)(2)(c), the

failure to recite the language of the rule verbatim will not invalidate a plea, if the record demonstrates the court actually explained each constitutional right in a reasonably intelligible manner. *Barker* at ¶ 14-15, 20.  For instance, in *Barker*, the Ohio Supreme Court concluded the trial court reasonably conveyed to the defendant that he was waiving the right to compulsory process, when the court advised him of his right to "call witnesses to speak on your behalf."  *Id.* at ¶ 16.  However, the Court in *Barker* did not predicate its holding solely on the language employed by the trial court during the plea colloquy, but also on the written plea agreement, which acknowledged the defendant's ability to use the power of the court to call witnesses to testify.  *Id.* at ¶ 24.

**{¶6}**   To the extent that the *Barker* Court relied on the written plea agreement, the decision appears to be at odds with the Supreme Court's earlier decision in *Veney,* supra.   *Veney* holds that the trial court has the duty to inform the defendant of his constitutional rights at the plea hearing and "cannot simply rely on other sources to convey these rights to the defendant."   *Veney* at ¶ 29 (invalidating plea where court failed to orally inform defendant of his constitutional right to require the state to prove his guilt beyond a reasonable doubt).

**{¶7}**   In order to resolve the tension between the law announced in the foregoing cases, *Barker* limited *Veney* to situations where the trial court omits any discussion of a constitutional right in the oral colloquy.  An appellate court may rely on a written plea agreement only where the trial court's colloquy relating to a particular constitutional right is ambiguous, not where there is no mention whatsoever in the colloquy of the constitutional right.   *Barker* at ¶ 23-27.  In cases where a reviewing court is faced with the complete omission of the constitutional right to a jury trial, courts have relied on references to a "jury" made in other parts of the plea colloquy to validate the plea. See, e.g., *State v. Ballard*, 66 Ohio St.2d 473, 481, 423 N.E.2d 115 (1981); *State v. Hayward*, 6th Dist. No. WD-17-010, 2017-Ohio-8611, ¶ 8, 12; *State v. Smiddy*, 2d Dist. No. 2014-CA-148, 2015-Ohio-4200, ¶ 6, 15; *State v. Young*, 11th Dist. No. 2009-T-0130, 2011-Ohio-4018, ¶ 39-40.

Appellant's sole assignment of error reads:

The conviction and resulting sentence should be overturned and reversed because the trial court violated the appellant's constitutional rights at the

plea hearing by not informing him that he had the right to a jury trial, which he would waive by entering the plea agreement.

**{¶8}** At the plea hearing, the trial court made the following inquiry: "Do you understand by pleading guilty you give up the right a [sic] speedy and public trial?" Appellant responded, "I do." (12/4/17 Plea Hrg. 5). There is no reference to a "jury" or "jury trial" in any other part of the hearing transcript.

**{¶9}** Earlier this summer, this Court squarely held that the use of the phrase "public trial," instead of "jury trial," in a plea colloquy, without any other reference to a "jury" or "jury trial" in the colloquy, invalidates the plea, regardless of whether the phrase "jury trial" appears in the written plea agreement. *State v. Thomas*, 7th Dist. No. 17 BE 0014, 2018-Ohio-2815; see also *State v. Gheen*, 7th Dist. No. 17 BE 0023, 2018-Ohio-1924 and *State v. Raphael-Hopkins*, 7th Dist. No. 17 BE 0017, 2018-Ohio-1340 (on no merit briefs filed pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970)). Because the facts here are indistinguishable from the facts in *Thomas*, Appellant's sole assignment of error is sustained, his conviction is reversed, and this matter is remanded to the trial court for further proceedings.

**Waite, J., concurs.**

**Robb, P.J., concurs.**

Case No. 18 BE 00002

—————————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs are waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**Bartlett, J., concurs.**

**Waite, J., concurs.**

**Robb, P.J., concurs.**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**