[Cite as *State v. Seymour*, 2019-Ohio-1093.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES RICHARD SEYMOUR,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 BE 0017

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 345

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded. Plea Vacated.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney and *Atty. Scott A. Lloyd*, Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee, No Brief Filed.

*Atty. Adam L. Myser*, Myser & Davies, 320 Howard Street, Bridgeport, Ohio 43912, for Defendant-Appellant.

Dated: March 21, 2019

---

**WAITE, P.J.**

**{¶1}** Appellant Charles Richard Seymour appeals a February 27, 2018 Belmont County Court of Common Pleas judgment entry convicting him of one count of driving while under the influence of alcohol ("OVI"). Appellant argues that the trial court failed to adequately advise him that he would be waiving his right to a jury trial by virtue of his guilty plea. Appellant also argues that his sentence is contrary to law. Pursuant to *State v. Thomas,* 2018-Ohio-2815, -- N.E.3d – (7th Dist.), Appellant's argument regarding his guilty plea has merit, Appellant's guilty plea is vacated, and the judgment of the trial court is reversed and remanded. As a result, Appellant's sentencing argument is moot.

<u>Factual and Procedural History</u>

**{¶2}** On November 29, 2017, Ohio State Highway Patrol Trooper M.J. Corey initiated a traffic stop of a vehicle operated by Appellant. At some point during the encounter, Trooper Corey arrested Appellant, who was subsequently charged with one count of OVI, a felony of the third degree in violation of R.C. 4511.19(A)(1)(G)(1)(e). The charge was enhanced due to prior OVI convictions.

**{¶3}** On February 12, 2018, Appellant pleaded guilty to the sole offense as charged. On February 28, 2018, the trial court sentenced Appellant to thirty-six months of incarceration with credit for ninety days. The trial court also imposed a $1,350 fine and a lifetime driver's license suspension. Appellant timely appeals his conviction and sentence.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT SUBSTANTIALLY COMPLY WITH CRIM.R. 11(C)(2)(c) BY FAILING

TO INFORM APPELLANT HE WAS WAIVING HIS RIGHT TO A JURY

TRIAL.

**{¶4}** Appellant argues that, while the trial court advised him of his right to a "speedy and public trial," the court did not reference his right to a jury trial during his Crim.R. 11 plea colloquy. As such, he contends his plea was not entered voluntarily, intelligently, and knowingly. The state did not file a response brief.

**{¶5}** Before a trial court may accept a defendant's guilty plea, the court must inform the defendant of his constitutional and nonconstitutional rights. *State v. Rothbotham*, 173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, ¶ 7 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. A defendant's constitutional rights include a privilege against compulsory self-incrimination, right to a jury trial, right to confront his accusers, and right to compulsory process and right to proof beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21. A trial court must strictly comply with the advisement of a defendant's constitutional rights, however, the court need not recite the exact language of Crim.R. 11. *State v. Wheeler*, 7th Dist. No. 08 MA 53, 2009-Ohio-2647, ¶ 23, citing *Ballard, supra*, at paragraph two of the syllabus.

**{¶6}** The trial court must also notify the defendant of his nonconstitutional rights. The nonconstitutional rights are reviewed for substantial compliance. *Rothbotham*, *supra*, at ¶ 18. The nonconstitutional rights include: (1) the nature of the charges; (2) the maximum penalty involved; (3) whether the defendant is eligible for probation; and (4) that the court may immediately proceed to sentencing after accepting the plea. *Id.*

**{¶7}** Here, the issue is limited to whether the trial court's advisement that Appellant would be giving up his "right to a speedy and public" trial by pleading guilty sufficiently notified him of his right to a jury trial. We have recently held that a trial court's advisement that a defendant is entitled to a "speedy and public trial" is insufficient to notify the defendant of his right to a jury trial where there is no reference to a jury trial during the plea hearing. *Thomas, supra,* at ¶ 16; see also *State v. Rudai,* 7th Dist. No. 18 BE 0002, 2018-Ohio-4464. Here, the trial court advised Appellant that he would be giving up his "right to a speedy and public trial," with no reference to his right to a jury trial. Thus, in accordance with *Thomas,* Appellant's first assignment of error has merit and is sustained. Appellant's guilty plea is vacated.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE OF 36 MONTHS BECAUSE THE RECORD DOES NOT SUPPORT SUCH A SENTENCE PURSUANT TO O.R.C. §2929.11 AND §2929.12. THUS, THE SENTENCE IS CONTRARY TO LAW AND SHOULD BE VACATED OR MODIFIED PURSUANT TO O.R.C. §2953.08(G)(2)(a).

**{¶8}** Appellant argues that the trial court failed to consider his alcohol addiction as a mitigating factor when determining his sentence. Appellant argues that community control, particularly intensive treatment for his alcoholism, would be more appropriate than a lengthy incarceration sentence. Again, the state did not file a response brief.

**{¶9}** Because Appellant's first assignment of error has merit and his plea has been vacated, any argument regarding sentencing is moot.

Conclusion

{¶10} Appellant contends that the trial court failed to adequately advise him that he would be waiving his right to a jury trial by virtue of his guilty plea. Appellant also argues that his sentence is contrary to law. Pursuant to *Thomas, supra*, Appellant's argument regarding his guilty plea has merit and the judgment of the trial court is reversed. Appellant's plea is hereby vacated. This matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. As such, Appellant's sentencing argument is moot.

Donofrio, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained and his second assignment is moot. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed and Appellant's plea is hereby vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**