[Cite as *State v. Gheen*, 2018-Ohio-4465.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AUSTIN LEE GHEEN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0023**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 60

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Joseph Vavra*, Assistant Prosecutor, 147 A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee (No Brief Filed), and

*Atty. Scott Essad*, 721 Boardman-Poland Road, Suite 201, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
November 2, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Austin Gheen, appeals from a Belmont County Common Pleas Court judgment convicting him of burglary following his guilty plea.

{¶2} On March 2, 2017, a Belmont County Grand Jury indicted appellant on one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(1), and one count of theft, a third-degree felony in violation of R.C. 2913.02(A)(1). Appellant initially entered a not guilty plea.

{¶3} Appellant subsequently entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the terms of the plea agreement, the state agreed to amend the indictment so that the burglary charge was reduced from a second-degree felony to a third-degree felony in violation of R.C. 2911.12(A)(3). It also agreed to dismiss the theft count. Appellant then entered a guilty plea to the amended burglary charge.

{¶4} Next, the trial court held a sentencing hearing. It sentenced appellant to 36 months in prison for the burglary conviction. It also sentenced him to 12 months for his violation of postrelease control in another case. The court ordered appellant to serve the sentences consecutively for a total prison sentence of 48 months. Additionally, the court ordered appellant to pay restitution to the victim.

{¶5} Appellant filed a timely notice of appeal on June 2, 2017.

{¶6} Appellant's appointed counsel filed a no-merit brief and a request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970).

{¶7} On April 23, 2018, this court overruled *Toney* in *State v. Cruz-Ramos*, 7th Dist. No. 17 MA 0077, 2018-Ohio-1583. We held that it is no longer an acceptable practice in this court for counsel to file a *Toney* no-merit brief and motion to withdraw on the ground that the appeal is frivolous. *Id.* at ¶ 16. But because appellant's counsel filed the *Toney* brief and motion to withdraw before we released *Cruz-Ramos*, we still applied the *Toney* procedure. *State v. Gheen*, 7th Dist. No. 17 BE 0023, 2018-Ohio-1924. Thus, pursuant to *Toney*, we conducted an independent review of the record.

**{¶8}** Upon our review, we found a potentially meritorious issue. *Gheen*, at ¶ 12-13. Consequently, we granted counsel's motion to withdraw and appointed new counsel. *Id.* at ¶ 14. New counsel briefed the case and it is now ready for our review. Appellant raises two assignments of error.

**{¶9}** Appellant's first assignment of error states:

THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE AUSTIN GHEEN THAT HE WAS WAIVING THE RIGHT TO A JURY TRIAL UPON HIS GUILTY PLEA.

**{¶10}** Appellant argues the trial court erred by failing to inform him that by pleading guilty he was waiving his right to a jury trial. He asserts that while the court informed him that he was waiving his right to a *"speedy and public"* trial, this is not the advisement required by Crim.R. 11(C)(2). Because the trial court failed to advise him of his right to a jury before it accepted his plea, appellant contends his plea was not knowingly, voluntarily, and intelligently entered.

**{¶11}** Appellant entered a guilty plea in this case. When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-0365, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶12}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

{¶13} In this case, the trial court advised appellant of four of the constitutional rights he was waiving by entering a guilty plea.  Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to have the state prove his guilt beyond a reasonable doubt, his right to subpoena witnesses, his right to cross examine witnesses, and his right to remain silent at trial.  (Plea Tr. 6). Appellant stated that he understood that he was giving up these rights by pleading guilty.  (Plea Tr. 6).

{¶14} But the trial court failed to inform appellant that by pleading guilty he was waiving his right to a jury trial.  The trial court only advised appellant that he was waiving his right to a "speedy and public trial."  (Plea Tr. 6).

{¶15} In a very similar case from this court, the trial court advised Thomas that he was waiving his right to a "speedy and public" trial as opposed to advising him that he was waiving his right to a "jury" trial.  *State v. Thomas*, 7th Dist. No. 17 BE 0014, 2018-Ohio-2815, ¶ 12.  We observed that in some cases, "when a reviewing court is faced with this situation, the court can conclude there was a valid waiver by finding the reference to a jury was orally made when explaining some other aspect of the plea."  *Id.* at ¶ 13.  But in Thomas's case, there was no reference to a jury in any part of the plea transcript.  *Id.* at ¶ 15.  Therefore, we concluded that the trial court failed to advise Thomas of his constitutional right to a jury trial by informing him of the right to a speedy and public trial but not referring anywhere to the right to a jury trial.  *Id.* at ¶ 16.  We also noted that while the right to a jury trial was included in the written plea agreement, this did not satisfy Crim.R. 11(C)(2) where the court did not mention it at the plea hearing. *Id.* at ¶ 15.

{¶16} In this case, as was the case in *Thomas*, there is no reference to a jury in any other part of the plea transcript.  In fact, the word "jury" is never spoken.

{¶17} And while the plea agreement does include the advisement that by pleading guilty appellant was giving up the right to a jury trial, including this advisement in the written plea agreement alone does not satisfy the mandate of Crim.R. 11(C)(2). *Id.* at ¶ 15.

{¶18} Because the trial court failed to advise appellant at the change of plea hearing that he was waiving his right to a jury trial by pleading guilty, the court failed to

strictly comply with Crim.R. 11(C)(2)(c). Therefore, appellant's plea was not entered knowingly, voluntarily, and intelligently.

{¶19} Accordingly, appellant's first assignment of error has merit and is sustained.

{¶20} Appellant's second assignment of error states:

AT APPELLANT'S SENTENCING, THE TRIAL COURT COMPELLED AUSTIN GHEEN TO INCRIMINATE HIMSELF FOR AN ALLEGED CRIME THAT HE HAD YET TO EVEN BE CHARGED WITH. THAT WAS A VIOLATION OF HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.

{¶21} Here appellant argues the trial court coerced him into confessing to another crime, thus violating his right against self-incrimination.

{¶22} Pursuant to the Fifth Amendment to the United States Constitution no person "shall be compelled in any criminal case to be a witness against himself." The Fifth Amendment applies to the states through the Fourteenth Amendment. *State v. Leach*, 102 Ohio St.3d 135, 2004-Ohio-2147, 807 N.E.2d 335, ¶ 11, citing *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

{¶23} At appellant's sentencing hearing, when the court asked appellant if he had anything to say on his behalf, appellant explained to the court that since 2014, when he began using opiates, he had been committing crimes to feed his addiction. (Sentencing Tr. 2-3). This prompted the court to ask if appellant had a burglary charge pending in Ohio County, West Virginia. (Sentencing Tr. 3). The prosecutor responded that there was a charge pending. (Sentencing Tr. 3). Appellant's counsel then stated that appellant had never received a summons on the West Virginia charge. (Sentencing Tr. 3). The court then stated: "Thank you, sir. Of course, the defendant knows whether it's true or not." (Sentencing Tr. 3). Without any further prompting, appellant answered "It's true, Your Honor." (Sentencing Tr. 3). This was the extent of the inquiry with which appellant now takes issue.

{¶24} The trial court did not coerce appellant into confessing to another crime. Taken in context, it is possible that appellant was agreeing with the prosecutor that he

*had* received a summons on a burglary charge in West Virginia. It is equally possible that appellant was agreeing with his counsel that he *had not* received a summons. Either way, appellant did not confess to the actual burglary as he now contends. He was either admitting that he had received a summons or he was denying the same. Regardless, the trial court did not violate appellant's right against self-incrimination.

**{¶25}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's plea is vacated and the matter is remanded for further proceedings.

Waite, J., concurs

Robb, P. J., concurs

_____

For the reasons stated in the Opinion rendered herein, the first assignment of error has merit and is sustained. The second assignment of error is without merit and is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed. Appellant's plea is vacated and we hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

guilty plea to one count of burglary; strict compliance with Crim.R. 11(C)(2) required; advisement of "speedy and public" trial is not advisement of "jury" trial; trial court did not coerce appellant into confessing to another crime

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**