[Cite as *State v. Lanier*, 2022-Ohio-2024.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANDRE MAURICE LANIER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0030**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 15 CR 028

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Reversed and Remanded

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, *Atty. Daniel P. Fry,* Assistant Prosecutor, 52160 National Road, St. Clairsville, Ohio 43950 for Plaintiff-Appellee and

*Atty. Wesley A. Johnston*, 190 North Union Street, #102, Akron, Ohio 44304 for Defendant-Appellant.

Dated:
June 10, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Andre Maurice Lanier, appeals from a Belmont County Common Pleas Court judgment convicting him of possession of drugs and trafficking in drugs, following his guilty plea.

{¶2} On March 5, 2015, a Belmont County Grand Jury indicted appellant on one count of possession of drugs, a first-degree felony in violation of R.C. 2925.11(A)(C)(4)(e); one count of trafficking in drugs, a first-degree felony in violation of R.C. 2925.03(A)(2)(C)(4)(f); one count of possession of drugs, a second-degree felony in violation of R.C. 2925.11(A)(C)(1)(c); and one count of trafficking in drugs, a second-degree felony in violation of R.C. 2925.03 (A)(2)(C)(1)(d).

{¶3} On March 12, 2015, appellant entered a plea of not guilty to all four counts.

{¶4} Pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, on August 7, 2015, appellant changed his plea to guilty to amended charges of possession of drugs in violation R.C. 2925.11(A)(C)(4)(d), reducing this count from a first-degree felony to a second-degree felony, and trafficking in drugs in violation of R.C. 2925.03(A)(2)(C)(1)(c), reducing this count from a second-degree felony to a third-degree felony. The state dismissed the other two counts. The court scheduled the matter for a September 14, 2015 sentencing hearing.

{¶5} Appellant failed to appear at the sentencing hearing. The court issued a warrant for his arrest. On April 16, 2021, appellant was apprehended.

{¶6} On June 14, 2021, the trial court sentenced appellant to eight years for possession of drugs and three years for trafficking in drugs. The court ordered appellant to serve the sentences consecutively for a total of 11 years in prison.

{¶7} Appellant filed a timely notice of appeal on July 1, 2021. He now raises four assignment of errors. We will address appellant's fourth assignment of error first as it is dispositive.

{¶8} Appellant's fourth assignment of error states:

Case No. 21 BE 0030

THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH RULE 11'S CONSTITUTIONAL REQUIREMENT WHEN TAKING LAINIER'S PLEA.

{¶9}   Appellant argues that the trial court violated Crim.R. 11 in accepting his guilty plea because the court did not specifically mention that he was giving up his right to a jury trial.

{¶10}   When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. Marion No. 9-0365, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. Mahoning No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

{¶11}   A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

{¶12}   In this case, the trial court advised appellant of four of the five constitutional rights he was waiving by entering a guilty plea. Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to have the state prove his guilt beyond a reasonable doubt, his right to subpoena witnesses, his right to confront witnesses against him, and his right to remain silent at trial. (Plea Tr. 8). Appellant stated that he understood that he was giving up these rights by pleading guilty. (Plea Tr. 8).

{¶13}   But the trial court failed to inform appellant that by pleading guilty he was waiving his right to a jury trial. The trial court only advised appellant that he was waiving his right to a "speedy and public trial." (Plea Tr. 8).

**{¶14}** In a very similar case from this court, the trial court advised the defendant that he was waiving his right to a "speedy and public" trial as opposed to advising him that he was waiving his right to a "jury" trial. *State v. Thomas*, 7th Dist. Belmont No. 17 BE 0014, 2018-Ohio-2815, ¶ 12. We observed that in some cases, "when a reviewing court is faced with this situation, the court can conclude there was a valid waiver by finding the reference to a jury was orally made when explaining some other aspect of the plea." *Id.* at ¶ 13. But in this case, there was no reference to a jury in any part of the plea transcript. *Id.* at ¶ 15. Therefore, we concluded that the trial court failed to advise the defendant of his constitutional right to a jury trial by informing him of the right to a speedy and public trial but not referring anywhere to the right to a jury trial. *Id.* at ¶ 16. We also noted that while the right to a jury trial was included in the written plea agreement, this did not satisfy Crim.R. 11(C)(2) where the court did not mention it at the plea hearing. *Id.* at ¶ 15.

**{¶15}** In this case, as was the case in *Thomas*, there is no reference to a jury in any other part of the plea transcript. The word "jury" is never spoken at the change of plea hearing.

**{¶16}** And while the plea agreement does include the advisement that by pleading guilty appellant was giving up the right to a jury trial, including this advisement in the written plea agreement alone does not satisfy Crim.R. 11(C)(2)'s mandate. *Id.* at ¶ 15. See also *State v. Gheen*, 7th Dist. Belmont No. 17 BE 0023, 2018-Ohio-4465, ¶ 17.

**{¶17}** Since the trial court failed to advise appellant at the change of plea hearing that he was waiving his right to a jury trial by pleading guilty, the court failed to strictly comply with Crim.R. 11(C)(2)(c). Therefore, appellant did not enter his plea knowingly, voluntarily, and intelligently.

**{¶18}** Accordingly, appellant's fourth assignment of error has merit and is sustained.

**{¶19}** Appellant's first, second, and third assignments of error state, respectively:

> THE COURT COMMITTED AN ERROR WHEN SENTENCING LANIER TO MAXIMUM SENTENCE.

THE TRIAL COURT COMMITTED ERROR WHEN IT DID NOT ORDER AN UPDATED PRESENTENCE INVESTIGATION REPORT.

LANIER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION.

**{¶20}** Given our resolution of appellant's fourth assignment of error, however, his first, second, and third assignments of error are now moot.

**{¶21}** For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's plea is vacated and the matter is remanded for further proceedings.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the fourth assignment of error is sustained. The first, second and third assignments of error are moot.  It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed.  Appellant's plea is vacated and we hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**