[Cite as *State v. Bell*, 2016-Ohio-1440.]

STATE OF OHIO, MAHONING COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 14 MA 0017 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BRANDON BELL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case Nos. 2013 CR 631;
2012 CR 927A; 2012 CR 1254

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellee:          Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:          Atty. Rhys B. Cartwright-Jones
42 N. Phelps Street
Youngstown, Ohio  44503-1130

Brandon Bell, *Pro se,* #A650848
Marion Correctional Institution
P. O. Box 57
940 Marion-Williamsport Road
Marion, Ohio 43302

JUDGES:
Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  March 30, 2016

WAITE, J.

**{¶1}** Appellant Brandon Bell appeals from his convictions and sentences pursuant to a Crim.R. 11 plea agreement entered in the Mahoning County Common Pleas Court for aggravated robbery, burglary and aggravated possession of drugs. Appellant's counsel filed a no merit brief and requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Accordingly, appointed counsel's motion to withdraw is hereby granted and the convictions and sentences are affirmed in all respects.

## Background

**{¶2}** On September 21, 2012, Appellant was indicted on aggravated robbery, R.C. 2911.01(A)(1), (D), a first degree felony. On December 6, 2012, Appellant was indicted on burglary, R.C. 2911.12(A)(2), (D), a second degree felony. On June 20, 2013, Appellant was indicted on aggravated possession of drugs, R.C. 2925.11(A), (C)(1)(a), a fifth degree felony. These charges were litigated under three separate case numbers in the Mahoning County Court of Common Pleas.

**{¶3}** On June 19, 2013, the court held a change of plea hearing for the first two cases, and Appellant pleaded guilty to aggravated robbery and burglary. The state agreed to recommend a term of incarceration, but would not request a specific prison term. The written plea agreement and the judgment entry accepting the change of plea were filed on July 1, 2013.

**{¶4}** On August 30, 2013, the court held a change of plea hearing regarding the third charge. Pursuant to a written plea agreement, Appellant pleaded guilty to aggravated possession of drugs. The state agreed to recommend a sentence to run

concurrently with Appellant's sentences for aggravated robbery and burglary. The court held a combined sentencing hearing on all three pleas. The court sentenced Appellant to six years in prison on aggravated robbery, four years for burglary, and twelve months on aggravated possession of drugs, all to run concurrently. Appellant has timely appealed.

<u>Analysis</u>

**{¶5}** When appellate counsel seeks to withdraw from an appeal after finding no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief, in reference to the case of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). In this appellate district, it has also been called a *Toney* brief, in reference to our Opinion in *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶6}** In *Toney*, we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and

the indigent should be granted time to raise any points that he chooses, *pro se.*

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶7}** A no merit brief was filed by appellate counsel in this matter on July 28, 2014. On August 11, 2014, we informed Appellant that his counsel had filed a no merit brief and granted him 30 days to file his own written pro se brief. Instead, Appellant filed a letter on August 28, 2014 that we have treated as his written brief. Accordingly, our analysis will proceed with an independent examination of the record to determine if the appeal is frivolous. Specifically, we review to determine whether the plea was entered knowingly, intelligently, and voluntarily and whether the sentence complies with law.

### Plea

**{¶8}** Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently, and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights.

**{¶9}** The constitutional rights of which Appellant must be aware are: 1) his right to jury trial; 2) confrontation of witnesses against him; 3) compulsory process for obtaining witnesses in his favor; 4) the requirement that the state prove the defendant's guilt beyond a reasonable doubt at trial; and 5) that Appellant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶19-21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

**{¶10}** The nonconstitutional rights that Appellant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that Appellant is not eligible for probation or the imposition of community control sanctions; and 4) Appellant must be told that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224. As to the nonconstitutional rights, the trial court must only substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474

(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement on nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning that his plea would not have been entered but for the defect. *Veney* at ¶15, citing *Nero* at 108.

{¶11} After reviewing the record, it is apparent that the trial court's advisement as to Appellant's constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Appellant was informed in the written plea agreement, which he signed, and at the plea hearing that he understood that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor, his right to have the state prove beyond a reasonable doubt every element of the indicted offenses, and his right not to be compelled to testify against himself. (6/19/13 Tr., p. 4; 8/30/13 Tr., p. 3.) There is no indication in the record that Appellant was impaired in any way from understanding and answering the questions presented to him in his plea hearing, and he voluntarily answered all the questions presented by the trial judge.

{¶12} As to his nonconstitutional rights, Appellant was advised that he was charged with counts of aggravated robbery, burglary and aggravated possession of drugs. He was informed that the maximum penalty for aggravated robbery was eleven years in prison; for burglary, eight years; and for aggravated possession of

drugs, twelve months. He was also informed of the possible fines associated with each crime. He was informed that he was eligible for a community control sanction. The trial court also explained to Appellant that following his release from prison he would be subject to five years of mandatory postrelease control for the first two charges, and optional postrelease control for the aggravated possession of drug charge. He was told of the consequences should he violate postrelease control. The trial court explained that it could proceed directly to sentencing after accepting the plea. These advisements completely complied with the mandates of Crim.R. 11(C).

{¶13} Appellant claims, *pro se*, that he was impaired due to his drug abuse when he committed the robbery offense, that he did not know what he was doing, and that this should invalidate his plea. Whether or not he was impaired when he committed the crime, there is no indication that he was impaired when he entered his plea, and that is the crucial issue for our review. Furthermore, "[v]oluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense. Voluntary intoxication does not relieve a person of a duty to act if failure to act constitutes a criminal offense." R.C. 2901.21(E). "Intoxication," in this context, includes the use of both drugs and alcohol. R.C. 2901.21(F)(4).

{¶14} Consequently, for the above reasons, this record reflects that there are no appealable issues concerning the plea. The record confirms that the plea was intelligently, voluntarily, and knowingly entered.

<u>Sentencing</u>

{¶15} R.C. 2953.08(G) provides that appellate courts review felony sentences to determine if they are contrary to law. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶23. Pursuant to *Marcum*, we no longer review felony sentences for abuse of discretion. *Id.* at ¶1 ("an appellate court need not apply the test set out by the plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124").

{¶16} In determining the appropriate sentence, the trial court is directed to consider the purposes and principles of sentencing as espoused in R.C. 2929.11, the seriousness and recidivism factors enumerated in R.C. 2929.12, and the permissible statutory ranges as set forth in R.C. 2929.14.

{¶17} The trial court at the sentencing hearing and in its judgment entries clearly indicated that it considered R.C. 2929.11 and R.C. 2929.12 in determining the appropriate sentence. The court followed the prosecutor's recommendations at sentencing. Furthermore, the sentences ordered were within the permissible statutory ranges. Appellant was sentenced to six years in prison for aggravated robbery, four years for burglary, and twelve months for aggravated possession of drugs, all within the statutory ranges for those crimes. There are no issues raised regarding consecutive sentences because consecutive sentences were not imposed.

{¶18} Appellant claims that he was promised a four-year prison term and that he should be permitted to withdraw his plea because he received six years in prison.

There is no discussion anywhere in the record that Appellant was told he would receive a maximum of four years in prison on these charges. Appellant was given the right of allocution at sentencing and did not mention any promise or discussion about a four-year prison term, nor did he say anything regarding being impaired while committing any of the crimes. Further, Appellant was informed very clearly as to the maximum sentence he faced, and indicated that he understood that maximum sentence. Hence, the record reflects no appealable issues regarding sentencing.

### Conclusion

**{¶19}** For the reasons expressed above, there are no nonfrivolous appealable issues. The convictions and sentences are hereby affirmed and counsel's motion to withdraw is granted. Costs waived due to Appellant's indigence.

DeGenaro, J., concurs.

Robb, J., concurs.