[Cite as *State v. Putnam*, 2018-Ohio-3724.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES CHRISTOPHER PUTNAM,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0036.**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 33.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Daniel P. Fry*, Prosecuting Attorney, and *Atty. J. Flanagan*, Assistant Prosecuting Attorney, Belmont County Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee, and
*Atty. Dennis Belli*, 536 South High Street, Floor 2, Columbus, Ohio 43215, for Defendant-Appellant.

Dated:
September 13, 2018

**Donofrio, J.**

{¶1}    Defendant-appellant, James Putnam, appeals from a Belmont County Common Pleas Court judgment convicting him of failure to comply with the order of a police officer, following his guilty plea.

{¶2}    On October 1, 2016, a state highway patrol trooper clocked appellant travelling at 97 miles per hour in a 65-miles-per-hour zone.  The trooper activated his light and siren but appellant did not pull over.  With lights and sirens activated, the trooper continued to pursue appellant.  Appellant disregarded stop signs, cut through berms, traveled left of center, and passed vehicles while driving off the right side of the roadway.  The pursuit continued through Bethesda, where appellant eventually traveled off the right side of the roadway, striking mailboxes and an embankment.  Appellant then turned into a residential yard, where he bailed out of the vehicle.  Appellant ran into the woods.  Troopers caught up with appellant and placed him under arrest.

{¶3}    A grand jury indicted appellant on one count of failure to comply, a third-degree felony in violation of R.C. 2921.331(B)(C)(5)(a)(ii); and one count of driving under the influence, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a). Appellant initially pleaded not guilty.

{¶4}    Following a Crim.R.11 plea agreement, appellant changed his plea to guilty of failure to comply.  In exchange, plaintiff-appellee, the State of Ohio, dropped the charge for driving under the influence.  The trial court accepted appellant's plea and subsequently sentenced him to 36 months in prison.  In addition, the court suspended appellant's driving privileges for three years.

{¶5}    Appellant filed a timely notice of appeal on August 2, 2017.  He now raises four assignments of error.

{¶6}    Because appellant's second assignment of error is dispositive of this appeal, we will address it first.

{¶7}    Appellant's second assignment of error states:

THE TRIAL COURT'S FAILURE TO ASCERTAIN DEFENDANT-APPELLANT'S UNDERSTANDING OF THE DEGREE OF OFFENSE TO WHICH HE WAS PLEADING GUILTY, THE MAXIMUM TERM OF IMPRISONMENT FOR THE OFFENSE, AND THE APPLICABILITY OF A MANDATORY DRIVER'S LICENSE SUSPENSION, RESULTED IN A LACK OF SUBSTANTIAL COMPLIANCE WITH THE REQUIREMENTS OF CRIM.R. 11.

**{¶8}** Here, appellant argues that the trial court failed to comply with Crim.R. 11(C) in accepting his guilty plea. Thus, he asserts he did not enter his plea knowingly, voluntarily, and intelligently. Appellant goes on to argue that the trial court failed to determine whether he understood the maximum penalties of the offense.

**{¶9}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-0365, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

**{¶10}** Because appellant has asserted that he did not enter his plea knowingly, voluntarily, and intelligently, we must examine the plea colloquy to determine if the trial court met all of the requirements that Crim.R. 11(C) demands.

**{¶11}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of five federal constitutional rights. *Martinez*, 7th Dist. No. 03-MA-196, ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶12}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of

the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

**{¶13}** As to his constitutional rights, at the change of plea hearing the trial court advised appellant that by changing his plea he was giving up the right to confront witnesses against him, the right to compulsory service of witnesses in his favor, the right to have the state prove his guilty beyond a reasonable doubt, and the right to not be compelled to testify against himself. (Plea Tr. 5).

**{¶14}** The trial court also advised appellant that he was giving up his right to a "speedy and public trial." (Tr. 5). But the court did *not* advise appellant that he was waiving his right to a "jury" trial. The right to a jury trial is one of the five constitutional rights that Crim.R. 11(C)(2)(c) requires the trial court to advise a defendant of before accepting a guilty plea.

**{¶15}** This court recently reversed an appellant's conviction where the trial court employed the same language that the court used in this case. In *State v. Thomas*, 7th Dist. No. 17 BE 0014, 2018-Ohio-2815, ¶ 12, when conducting the change of plea colloquy, the trial court asked Thomas if he understood he was waiving the right "to a speedy and public" trial. On appeal, we noted that in "some cases when a reviewing court is faced with this situation, the court can conclude there was a valid waiver by finding the reference to a jury was orally made when explaining some other aspect of the plea." *Id.* at ¶ 13. But we found that in Thomas's case, there was no reference to a jury in any other part of the plea transcript. *Id.* at ¶ 15. Because "strict compliance with the plea advisements on constitutional rights is required," we reversed Thomas's conviction based on the trial court's failure to advise Thomas that he was waiving his right to a jury trial. *Id.* at ¶¶ 1, 16.

**{¶16}** As was the case in *Thomas*, the trial court in this case made no reference whatsoever to appellant's right to a jury trial. Instead, it referred only to a right to a "speedy and public trial." Because this language does not strictly comply with Crim.R. 11(C)(2) by advising appellant of his constitutional right to jury trial, appellant's plea was not entered knowingly, voluntarily, and intelligently.

**{¶17}** Appellant goes on to argue that the trial court failed to advise him of the possible penalties he faced. As noted above, the trial court need only show substantial compliance with Crim.R. 11(C)(2) pertaining to non-constitutional rights including informing the defendant of the maximum penalty, the nature of the charges, and that after entering a guilty plea the court may proceed to judgment and sentence. *Martinez*, supra, ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

**{¶18}** In this case, the trial court informed appellant that upon accepting his plea it could immediately proceed to judgment and sentence. (Plea Tr. 6). The court questioned appellant's attorney, asking if he had explained to appellant the charge to which he was pleading, the degree of the felony, and the minimum and maximum punishments. (Plea Tr. 3). Appellant's attorney indicated that he had explained each of these items to appellant. (Plea Tr. 3). The court then asked appellant if his attorney had explained everything to him, if he realized which offense he was pleading to, and if he understood what the maximum sentence could be. (Plea Tr. 4). Appellant stated that he understood each of these items. (Plea Tr. 4-5). Additionally, appellant told the court that he had reviewed the plea agreement with his counsel and that he understood its terms. (Plea Tr. 5). The plea agreement plainly stated that appellant was pleading guilty to third-degree felony failure to comply and that he faced a maximum prison term of three years and a license suspension. Based on these circumstances, the trial court substantially complied with Crim.R. 11(C) in informing appellant of his non-constitutional rights.

**{¶19}** But because the trial court did not strictly comply with Crim.R. 11(C)(2) in advising appellant of his constitutional right to a jury trial before accepting his guilty plea, appellant's plea was not valid.

**{¶20}** Accordingly, appellant's second assignment of error has merit and is sustained.

**{¶21}** Appellant's remaining assignments of error state, respectively:

WITHOUT AN EXPRESS ADMISSION BY DEFENDANT-APPELLANT TO AN AGGRAVATING FACT THAT ELEVATES A MISDEMEANOR VIOLATION OF R.C. 2921.331 TO A FELONY, THE IMPOSITION OF A SENTENCE FOR A THIRD-DEGREE FELONY

VIOLATED HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

THE TRIAL COURT'S RELIANCE ON DEFENDANT-APPELLANT'S PRIOR HISTORY OF CHARGES FOR WHICH THE DISPOSITION LISTED IN THE PRESENTENCE REPORT IS "UNKOWN," TO JUSTIFY A MAXIMUM PRISON TERM, RESULTED IN A SENTENCE THAT IS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD AND/OR IS CONTRARY TO LAW.

DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, DUE TO MULTIPLE INSTANCES OF DEFICIENT PERFORMANCE.

{¶22} Given our resolution of appellant's second assignment of error, appellant's first, third, and fourth assignments of error are rendered moot.

{¶23} For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs
Robb, P. J., concurs

_____

For the reasons stated in the Opinion rendered herein, appellant's second assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is reversed. Appellant's first, third, and fourth assignments of error are rendered moot. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**