[Cite as *State v. Moore*, 2025-Ohio-1913.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KRISTEN R. MOORE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0042

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 CR 273

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor and *Atty. Danielle Menning,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Nathan D. Boone*, Boone Law LLC, for Defendant-Appellant

Dated: May 23, 2025

---

**WAITE, J.**

{¶1} Appellant Kristen R. Moore pleaded guilty to felony attempted tampering with evidence and to a misdemeanor count of endangering children in the Columbiana County Court of Common Pleas. She was sentenced to 120 days in the county jail and three additional years of community control in the form of probation. Appellant argues that her plea was not entered into knowingly, intelligently, or voluntarily because she did not realize that local incarceration in the county jail was one of the possible sanctions included within the definition of community control. The record contains multiple instances where Appellant was told that a local jail term was possible. She acknowledged this fact in writing and at two hearings. Appellant's sole assignment of error is not supported by the record, and her conviction and sentence are affirmed.

Facts and Procedural History

{¶2} On May 9, 2023 Appellant was indicted in Columbiana County on two charges of tampering with evidence pursuant to R.C. 2921.12(A)(2), a third degree felony; and one charge of endangering children in violation of R.C. 2919.22(A), a first degree misdemeanor. The charges arose from a divorce dispute in which Appellant used her 11-year-old autistic daughter to accuse the child's father, Appellant's husband, of sexual abuse and rape. Appellant reported this abuse to various officials both verbally and in writing. The child later revealed that Appellant had fabricated these stories and forced the child to tell the authorities she was being abused. Appellant drew false bruise marks on the child to support those accusations. Appellant used the false information to obtain a protection order against her husband. At some point, the child revealed that it was actually Appellant who was abusive. (9/30/24 Tr., p. 8.)

Case No. 24 CO 0042

**{¶3}** Jury trial was scheduled for July 23, 2024. On that date, Appellant entered into a Crim.R. 11 plea agreement and pleaded guilty to attempted tampering, a fourth degree felony, and to child endangerment, a misdemeanor. The state agreed to drop one of the tampering charges. Appellant entered her guilty plea, and sentencing was scheduled for September 30, 2024. A presentence investigation report ("PSI") was ordered. The court sentenced Appellant to 120 days in the county jail and three years of community control in the form of probation. This appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA BECAUSE IT WAS NOT MADE IN A KNOWING, INTELLIGENT, AND VOLUNTARY MANNER.

**{¶4}** Appellant argues that a guilty plea must be made knowingly, intelligently, and voluntarily. She contends that prior to accepting the plea, the court must engage in a colloquy that includes explaining the constitutional and nonconstitutional rights that are being waived. Appellant asserts the colloquy must include the type of sentence that may be imposed, including whether the sentence could include incarceration in a local jail. Appellant does not cite any law to support this assertion. She contends that she was never told she could receive a sentence of 120 days in the county jail, and so her plea was not made knowingly, intelligently, or voluntarily.

**{¶5}** Appellee agrees the trial court must comply with the rules set forth in Crim.R. 11(C)(2) prior to accepting a guilty plea to a felony. While Crim.R. 11(C)(2)(a) requires a court to explain the maximum penalty for the charges before accepting a guilty

<u>Case No. 24 CO 0042</u>

plea, however, this rule does not deal with any constitutional rights. While the trial court must strictly comply with informing a defendant regarding waiver of a constitutional right, the rule regarding waiver of a nonconstitutional right is more relaxed. The court must simply substantially comply with the notice requirements of Crim.R. 11(C)(2)(a). Appellee contends that the court in this matter explained the maximum penalty for Appellant's charges (eighteen months in prison), and that there is no specific provision in Crim.R. 11(C) requiring the court to further explain the possibility of local incarceration. Further, Appellee cites to the felony plea agreement and the Judicial Advice to Defendant signed by Appellant, both of which explained the possible penalties, including the option of local jail time. Appellee also argues that Appellant cannot contend she was prejudiced by the trial court's actions because the court explained the maximum penalty for count one was eighteen months in prison. Since 120 days in a local county jail is a lesser sentence than eighteen months in state prison, Appellant was not prejudiced by any alleged failure to specifically discuss other incarceration options.

{¶6} Unless a plea is entered knowingly, intelligently, and voluntarily, it is invalid. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To ensure that a Crim.R. 11 guilty plea is properly made, the trial judge must engage the defendant in a colloquy before accepting the plea. *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph one of the syllabus; Crim.R. 11(C).

{¶7} Crim.R. 11(C)(2) requires the court to explain a variety of constitutional and nonconstitutional rights surrounding a felony plea of guilty or no contest. *State v. Eckles*, 2007-Ohio-6220, ¶ 7 (7th Dist.). The court must substantially comply when explaining the nonconstitutional rights to the defendant before accepting a guilty plea. *State v.*

*Novoa*, 2021-Ohio-3585, ¶ 19 (7th Dist.). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Bell*, 2016-Ohio-1440, ¶ 10 (7th Dist.).

{¶8} The nonconstitutional rights that must be addressed are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; (3) that the defendant is not eligible for probation or the imposition of community control sanctions, if applicable; and (4) that after entering a guilty or no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *State v. Veney*, 2008-Ohio-5200, ¶ 31. A defendant who challenges his or her guilty plea on the basis that the court's advisement as to nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show the defendant suffered prejudice, meaning the plea would not have been entered otherwise. *Id.* at ¶ 15.

{¶9} "In determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, this Court conducts a de novo review to make sure that the trial court complied with constitutional and procedural safeguards." *State v. Lyda*, 2021-Ohio-2345, ¶ 28 (7th Dist.).

{¶10} A court imposing community control may, as part of that sanction, impose a term of local incarceration of up to six months in a community-based correctional facility that serves the county. R.C. 2929.16(A)(1).

{¶11} It is clear that the trial court had the authority to impose a local jail sentence in its community control sanction. It is also clear that the 120-day jail sentence was within the range of sentences permitted by the sentencing statutes. Appellant has cited no

authority that requires the trial court to provide a separate explanation regarding the variety of community control sanctions or local jail options that may be imposed. Regardless, this record is replete with instances where Appellant was informed not only of the possibility of jail time, but that jail time would actually be imposed.

{¶12} Appellant decided to plead guilty on July 23, 2024. On that date she was shown a Judicial Advice to Defendant document stating that the maximum sentence for the child endangerment charge was 180 days in the county jail, and that the maximum sentence for evidence tampering was eighteen months in prison. Appellant signed a document captioned Defendant's Response to the Court acknowledging that she understood all of the information contained in the Judicial Advice to Defendant. The Proposed Felony Plea Agreement, also signed by Appellant on July 23, 2024, stated that, if prison was not an option for sentencing, the state would recommend a sentence of 120 days of incarceration in the county jail.

{¶13} The change of plea hearing took place on July 23, 2024. The prosecutor specifically stated that if the court was not inclined to impose a prison term, the state was requesting local incarceration for 120 days. (7/23/24 Tr., p. 3.) Appellant said she understood the plea agreement as described by the prosecutor, and she acknowledged she signed the plea agreement. (7/23/24 Tr., p. 6.) The trial judge immediately informed Appellant that the court was not a party to the agreement, and the sentencing recommendations were not binding on the court. (7/23/24 Tr., p. 6.) The judge then reviewed with Appellant the Judicial Advice to Defendant, which included the possibility of a 180-day term in the county jail. (7/23/24 Tr., p. 7.) The judge told Appellant the penalty for the felony charge was six-to-eighteen months in prison. (7/23/24 Tr., p. 10.)

The judge clearly informed Appellant that she would be spending at least one day, and up to a maximum of 180 days, in jail on the child endangerment charge. (7/23/24 Tr., p. 11.) Appellant pleaded guilty to the charges, and the judge accepted her plea. (7/23/24 Tr., pp. 14-15.)

{¶14} At the sentencing hearing, the prosecutor recommended a term of 120 days of local incarceration. (7/30/24 Tr., p. 3.) Appellant's attorney made clear he hoped the judge would not impose local incarceration, but the record reveals no indication the parties had agreed that local incarceration would not be imposed. (7/30/24 Tr., pp. 22, 26-27.) Revealing that she knew local incarceration was possible, Appellant testified at sentencing that a jail sentence would be detrimental to her job and her payment of child support. (7/30/24 Tr., p. 32.) However, the judge sentenced her to 120 days in the county jail and three years of community control in the form of probation.

{¶15} Appellant's assertions that the sentence was beyond the scope of the plea agreement and that the judge failed to explain the possibility she could receive a jail sentence are not supported by the record. Appellant does not argue the jail term was longer than permitted by law. In fact, it could have been as long as 180 days. Instead she contends the possible sanction of jail time, instead of a prison term, was not explained. Both jails and prisons are detention facilities, but obviously, there is a difference between prison and jail in Ohio. Prisons are state-operated facilities, and prison terms are reserved for felonies. R.C. 2929.14(A). Jails are normally locally run and are for shorter periods of incarceration. Jail sentences are imposed for misdemeanors, as part of community control, or as otherwise defined in the criminal statutes. While the similarities between jail and prison may cause some confusion among

the general public, in this case the judge explained that jail and prison terms were sentencing options, and that jail detention would be imposed if prison was not. The record reflects that Appellant understood that jail time was possible and that it would be recommended by the prosecutor. The judge imposed 120 days of jail time.

{¶16} Appellant has failed to show that the trial court violated the dictates of Crim.R. 11(C)(2)(a) or that she entered her plea unintelligently or involuntarily. Appellant cannot show prejudice because she was sentenced to 120 days of incarceration pursuant to the prosecutor's recommendation in the terms of her plea agreement. She also cannot show prejudice because 120 days of incarceration is a lesser sentence than the maximum eighteen months in prison. As the record fully supports that the maximum penalty was properly explained and there was no prejudice, Appellant's assignment of error is without merit and is overruled.

## Conclusion

{¶17} Appellant pleaded guilty to a fourth degree felony and a misdemeanor, and was sentenced to 120 days in the county jail as part of a community control sanction. Appellant argues that her plea was not entered into knowingly, intelligently, or voluntarily because the judge did not explain that local incarceration in the county jail was a sentencing option. Appellant argues that the jail term was part of the maximum penalty, and that the trial court was required to explain the maximum possible penalty under Crim.R. 11(C)(2)(a). The record contains many instances where Appellant was told that a jail term was a possible penalty, and she acknowledged this possibility both orally and in writing. Appellant also cannot show prejudice because she agreed to the plea after being informed of the possibility of both local jail time and up to eighteen months of prison

Case No. 24 CO 0042

time. Appellant's sole assignment of error is not supported by the record, and the conviction and sentence are hereby affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**