[Cite as *State v. Hlinovsky*, 2025-Ohio-3299.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

FREDRICK J. HLINOVSKY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0010

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CR 286

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Aaron M. Meikle*, for Defendant-Appellant

Dated: September 10, 2025

_____

**WAITE, J.**

{¶1} Appellant, Fredrick J. Hlinovsky, entered a Crim.R. 11 negotiated guilty plea to unlawful sexual conduct with a minor, aggravated possession of drugs, and failure to appear. The parties agreed to a sentence and the court imposed the agreed sentence. Appellant argues on appeal that his plea was not made intelligently because he did not understand the nature of the failure to appear charge. This is based on a comment Appellant made during sentencing: that he did not "feel right" about being charged with felony failure to appear when he was in the hospital at the time. The totality of the circumstances reflects that Appellant did understand the nature of the charge but disliked the fact that his failure to appear for a status hearing was a crime. Appellant also argues the court failed to recite certain statutory language regarding consecutive sentences. Since the sentence was agreed to by the parties and the agreed sentence was imposed by the judge, Appellant cannot raise this argument on appeal. Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2} This case has been before this Court once before. *State v. Hlinovsky*, 2024-Ohio-1317, ¶ 2 (7th Dist.). The recitation of facts in the prior appeal indicates that Appellant was indicted in Belmont County in 2020 for a rape which occurred in 2005. The delay in prosecuting the crime was due in part to a lack of DNA evidence connecting Appellant to the crime. When this evidence was eventually obtained, Appellant was charged with rape in violation of R.C. 2907.02(A)(2), a first degree felony, and unlawful sexual conduct with a minor pursuant to R.C. 2907.04(A), (B)(3), a third degree felony. The case proceeded to a jury trial. There were several delays due to a mistrial, the

appointment of a new judge, and the replacement of Appellant's counsel.   Appellant eventually agreed to plead guilty to unlawful sexual conduct with a minor.   He was sentenced to five years in prison and was designated a Tier II sexual offender.

**{¶3}**   Appellant appealed his conviction on the ground that his plea was not knowingly made because the trial court failed to discuss postrelease control at the change of plea hearing.   We agreed and vacated the plea.   The case was remanded for further proceedings.

**{¶4}**   On remand, a new trial judge presided over the matter.   The case was set for a status hearing on August 28, 2024.   Appellant failed to appear for the hearing and, as a result, a warrant was issued for his arrest.   The state filed a motion to revoke Appellant's bond.   The court set a hearing on the state's motion on December 11, 2024. On that date, the parties informed the court that they had reached a Crim.R. 11 plea agreement.   Appellant agreed to plead guilty to the second count in the indictment in Case No. 20-CR-286, unlawful sexual conduct with a minor under R.C. 2907.04(B)(3), and the rape charge was to be dismissed.   Appellant also agreed to enter pleas to resolve three other outstanding cases.   His failure to appear on a recognizance bond charge pursuant to R.C. 2937.99(B), a fourth degree felony, in Case No. 24-CR-248 would be dismissed. The identical charge would be added to a Bill of Information in Case No. 20-CR-286.   The bribery charge in Case No. 24-CR-198 would also be dismissed.   His complicity in the commission of trafficking in drugs charge in Case No. 24-CR-199 would be dismissed and a charge of aggravated possession of drugs pursuant to R.C. 2925.11(A), a fifth degree felony, would be added to the Bill of Information.   Appellant and the prosecutor jointly agreed on a sentence of 54 months in prison for unlawful sexual conduct, 6 months

for aggravated possession of drugs, and 12 months for failure to appear, to be served consecutively.

**{¶5}** At the change of plea portion of the hearing, the trial court explained to Appellant all the rights he was waiving by pleading guilty. Appellant acknowledged that he understood all of the charges and the terms of his plea agreement, and had reviewed the agreement with his attorney. Appellant acknowledged that he understood his agreed sentence, that he agreed to consecutive sentences, and that he waived the requirement for the court to make findings to support consecutive sentences. He also understood that he could not appeal the sentence, and that he would be designated as a Tier III sex offender. He acknowledged he understood all of the rights he was waiving by pleading guilty. After the court accepted the plea, the court proceeded to sentencing. Appellant was permitted to make a statement prior to the imposition of the sentence, and the court imposed the sentence agreed to by the parties. The court filed its final judgment entry on January 9, 2025. The agreed sentence is set forth in this judgment entry. Appellant's counsel, the prosecutor, and the judge signed the entry. This appeal was filed *pro se* on February 26, 2025. We accepted the matter as a delayed appeal on March 6, 2025, and appointed appellate counsel on March 7, 2025, who filed a brief containing two assignments of error.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN ACCEPTING [APPELLANT]'S GUILTY PLEA BECAUSE THE RECORD INDICATES THAT SUCH PLEA WAS NOT DONE SO KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

**{¶6}** Appellant correctly argues that a guilty plea must be made knowingly, intelligently, and voluntarily. He asserts that a defendant who does not understand the nature of the charges does not enter his plea knowingly or intelligently. Appellant argues that his Crim.R. 11 guilty plea was erroneously accepted by the court because the court did not explain the nature of the charges to him, particularly his failure to appear charge. Crim.R. 11(C)(2) states in part that:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶7}** In support of his contention that the trial judge did not explain the nature of the failure to appear charge, Appellant cites a portion of the change of plea hearing in which he claims to have questioned his guilty plea to that charge. After his guilty pleas were accepted by the court and immediately prior to sentencing, Appellant exercised his right to allocution and addressed the court with some final comments. Appellant thanked the judge for presiding over the case and for being "a thorough judge, and I do appreciate it." (12/11/25 Tr., p. 51.) Appellant then stated:

[APPELLANT]:  And when I -- you know, on my recognizance bond, I got sick.  I was having some problems.  And I didn't feel that it was right that I got-- you know, I got a -- I ended up with a felony charge out of not being at the Court when I'm in the hospital.  I just-- that didn't settle-- still doesn't settle good with me.

THE COURT:  I understand.

[APPELLANT]:  I don't understand that.  I was in the hospital.

THE COURT:  I understand what you're saying.

[APPELLANT]:  So...

THE COURT:  Anything else?

[APPELLANT]:  That's it, sir.

(12/11/25 Tr., p. 51.)

{¶8}   Appellant contends that these final statements he made at the end of the change of plea hearing indicate that he did not understand the nature of the failure to appear charge.  He argues that the judge should have further explained the nature of the charge, and without that further explanation, the plea was invalid and should be vacated.

{¶9}   Appellee agrees that a guilty plea must be made knowingly, intelligently and voluntarily.  Appellee notes that Appellant's argument is primarily that the judge did not comply with plea requirements found in Crim.R. 11(C)(2)(a) requiring the judge to make sure Appellant understood the nature of charges.  Appellee argues that, although the

court must strictly comply with certain requirements found in Crim.R. 11(C), it is required only to substantially comply with the mandate to determine that a defendant understands the nature of the charges. Appellee contends the judge notified Appellant multiple times during the hearing that he was pleading guilty to failure to appear in court while he was free on a recognizance bond. Appellee points out that the court cited the section of the Ohio Revised Code in which the charge can be found, described the maximum penalty for the charge, and made sure that Appellant had reviewed the plea agreement and all the charges in the agreement with his attorney prior to entering his guilty plea. Appellee concludes the record shows that the court substantially complied with Crim.R. 11(C)(2). Our review of this record reveals Appellee is correct.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Lynn*, 2021-Ohio-4590, ¶ 4 (7th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). The trial judge should consider all of the circumstances surrounding a plea to determine if it was validly made. *State v. Putnam*, 2018-Ohio-3724, ¶ 9 (7th Dist.). An appellate court conducts a de novo review to insure that the trial court complied with constitutional and procedural safeguards regarding a defendant's guilty plea. *State v. Lyda*, 2021-Ohio-2345, ¶ 28 (7th Dist.).

{¶11} Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. The court must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. *Id.* at ¶ 30. The court must strictly comply with the Crim.R. 11(C)(2) regarding waiver of the listed constitutional rights. *Id.* at ¶ 31. Crim.R. 11(C)(2) also contains a list of nonconstitutional matters that must be part of the court's colloquy. The

court must determine that the defendant understands the nature of the charges against him. *State v. Elmore*, 2009-Ohio-6400, ¶ 16 (7th Dist.). Although it is sometimes stated in caselaw that the court must explain the nature of the charges, the requirement actually is that the court must determine "that the defendant understands the nature of the charge against him." *Lyda* at ¶ 16. Appellee points out that making the determination whether the defendant understands the nature of the charges, and an outright explanation of the charges, are two different things. The court can determine that the defendant understands the nature of his charges in a variety of ways. "[N]either a detailed recitation of the elements of the charges nor an inquiry as to whether the defendant understands the elements of the charges is required unless the totality of the circumstances indicate that the defendant did not understand the charges." *State v. Johnson*, 2018-Ohio-1387, ¶ 14 (8th Dist.), citing *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 56.

**{¶12}** The court must substantially comply with the requirements of Crim.R. 11(2)(C) regarding nonconstitutional matters, including when making the determination that the defendant understands the nature of the charges. *State v. Bell*, 2016-Ohio-1440, ¶ 10 (7th Dist.). Substantial compliance "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Veney*, 2008-Ohio-5200, ¶ 15. Further, "[a] defendant who challenges his or her guilty plea on the basis that the court's advisement as to nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show the defendant suffered prejudice, meaning the plea would not have been entered otherwise." *State v. Moore*, 2025-Ohio-1913, ¶ 8 (7th Dist.), citing *Veney* at ¶ 15; *see also State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶13} This record reflects the court explained to Appellant, multiple times, that he was charged with and was pleading guilty to failure to appear in court while he was on release under a recognizance bond. (12/11/25 Tr., pp. 3, 17, 19, 21, 23, 25, 26, 35.) The court described the charge using the statutory name of the charge, along with its felony classification. The court cited the section of the Ohio Revised Code where the charge appears, described the range of penalties involved, and inquired as to whether Appellant reviewed the plea agreement with counsel and understood the charges that were part of the plea. Neither Appellant nor his counsel gave any indication prior to the court's acceptance of the guilty plea that Appellant did not understand the meaning of the charge of failure to appear in court when required by a recognizance bond.

{¶14} Additionally, the section of the change of plea hearing transcript Appellant cites in support of his argument is during Appellant's allocution, just before the court pronounced sentence. (12/11/24 Tr., p. 51.) All of the matters pertaining to Appellant's guilty plea had been completed, and the court had already accepted his plea, prior to Appellant's comments. After reviewing all the details of the sentence, the court asked Appellant if he had anything else to add to the record. (12/11/24 Tr., p. 51.) Appellant thanked the judge for presiding over the case, and for "being a thorough judge." (12/11/24 Tr., p. 51.) It was only then that Appellant stated that he did not "feel right" about the felony failure to appear charge. He claimed that he was sick at the time, and said that it "still doesn't settle good with me." (12/11/24 Tr., p. 51.) Appellant then said "I don't understand that. I was in the hospital." (12/11/24 Tr., p. 51.). This is the first time such a claim appears on the record.

{¶15} These comments, taken in context, can only be interpreted to mean that Appellant did not like the fact that he could be charged with failure to appear in court when he claims he was ill at the time of the missed status hearing. Appellant's issue is with the content of the criminal statute, not his understanding of it. At no point in the hearing did Appellant express that he did not understand the elements of the charge or that he did not commit the crime of failure to appear in court. Appellant's seemingly random complaint at the end of the hearing does not indicate his plea was not made knowingly, voluntarily, or intelligently, particularly after he had just thanked the judge for being so thorough at the hearing.

{¶16} We also note the final judgment of sentence states that the court "explained the substance of the charges." This judgment entry was signed by Appellant's counsel. (1/9/25 J.E.). The entry also states that Appellant's attorney explained everything in the agreement to him and answered all his questions, that he understood the charges, that he understood that a prison sentence would result from the charges, that he knowingly, intelligently, and voluntarily entered the guilty plea, and that he "understood the nature of the charges." (1/9/25 J.E.).

{¶17} Appellee is also correct that Appellant does not allege or show he was prejudiced by the trial court's actions. When a defendant claims that the non-constitutional rights contained in Crim.R. 11 were not properly explained, reversible error can only be found if prejudice is shown. Appellant does not suggest that he would not have entered his plea without a further explanation of the nature of the failure to appear charge. This is because Appellant is merely unhappy with the fact that when a defendant is released on a recognizance bond and fails to show up in court, even if that defendant

Case No. 25 BE 0010

may be ill and/or hospitalized, that failure still constitutes a crime. Importantly, there is no proof in this record, other than Appellant's late statement at allocution, that he actually was ill or hospitalized when he missed his August 28, 2024 court date.

**{¶18}** The record reveals the trial judge substantially complied with the requirement in Crim.R. 11(2)(C)(2)(a) and that the court determined Appellant made his plea voluntarily, with an understanding of the nature of the charges. The record also shows that Appellant was not prejudiced by any action of the court regarding his guilty plea to failure to appear in court. Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT FAILED TO MAKE THE NECESSARY FINDINGS MANDATED BY R.C. 2929.14(C)(4) AT THE SENTENCING HEARING AND INCORPORATE ITS FINDINGS INTO ITS SENTENCING ENTRY.

**{¶19}** Appellant argues that the trial court failed to make the findings set forth in R.C. 2929.14(C) regarding consecutive sentences. He contends the findings contained in R.C. 2929.14(C) are required to be made by the trial judge before imposing consecutive sentences. Appellant argues that without those findings, the court could not impose consecutive sentences. Since all of his sentences are to be served consecutively, Appellant concludes his entire sentence is invalid and the case must be remanded for resentencing.

**{¶20}** Appellant is aware that the findings required by R.C. 2929.14(C)(4) may be waived and are not required when an agreed sentence is imposed by the trial judge.

Case No. 25 BE 0010

Appellant nevertheless contends the trial court did not explain at the change of plea hearing what agreeing to consecutive sentences meant, or if Appellant understood that he was waiving the requirement to have the judge make findings to support consecutive sentences. Appellant contends that his waiver of the requirements of R.C. 2929.14(C)(4) was invalid, and so does not excuse the trial court from failing to make the required findings.

{¶21} Appellee argues that R.C. 2953.08 sets forth the permissible grounds for appealing a felony sentence. While R.C. 2953.08(G) does provide for review of consecutive sentences on the grounds that the court failed to make the findings required by R.C. 2929.14(C)(4), Appellee asserts that such review is precluded when the sentence imposed is an agreed sentence. R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶22} The Ohio Supreme Court has held that: "[I]n the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *State v. Sergent*, 2016-Ohio-2696, ¶ 43. The record in this case shows that the parties worked out an extensive plea agreement that included four pending criminal cases. The parties agreed that multiple charges would be dismissed, that Appellant would plead guilty to three charges, and that the prison

sentences imposed would be served consecutively. The fact that the plea agreement required Appellant to serve the sentences consecutively was made clear throughout the change of plea hearing. (12/11/25 Tr., pp. 8, 20, 21.) The waiver of the requirement for the trial court to make consecutive sentence findings was expressly stated at the change of plea hearing. (12/11/25 Tr., pp. 8, 10.) Appellant's attorney stated on the record that such findings were waived. (12/11/25 Tr., p. 10.) Appellant also agreed at the change of plea hearing that he had no right to appeal the agreed sentence that was imposed. (12/11/24 Tr., p. 50.) Any suggestion by Appellant regarding whether his plea was made knowingly, intelligently, and voluntarily was dealt with under Appellant's first assignment of error. As such, Appellant's second assignment of error is without merit and is overruled.

### Conclusion

**{¶23}** Appellant raised two issues on appeal. Appellant argues that the trial court failed to adequately explain the nature of his charge of failure to appear in court, that he did not understand the charge, and that this rendered his plea invalid under Crim.R. 11(C)(2)(a). Although Appellant made a comment at the end of the plea hearing during allocution that he did not "feel" that his conviction for failure to appear when he was allegedly in the hospital at the time of his status hearing that he missed was "right," the totality of the circumstances reflects that Appellant did understand the nature of the charge. The record indicates that Appellant was merely dissatisfied with the law providing for such a conviction. Appellant also failed to allege or demonstrate that he was prejudiced by the alleged failure of the trial court to further explain the nature of the charge. Appellant also argues that the court failed to recite certain statutory language

regarding consecutive sentences, thus invalidating his sentence. The court imposed an agreed upon sentence, and under R.C. 2953.08(D)(1), Appellant cannot appeal the consecutive sentences. Appellant also waived the requirement that the court make consecutive sentence findings as part of his plea agreement. Both of Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

Hanni, J. dissents; see dissenting opinion.

Dickey, J. concurs.

Hanni, J., dissenting.

**{¶24}** With regard and respect to my colleagues, I must dissent from the majority opinion finding no merit to Appellant's first assignment of error. I would find Appellant's statement of uncertainty during the plea colloquy triggered the trial court to reassess Appellant's understanding of the failure to appear charge and to ensure his guilty plea to that charge.

**{¶25}** The majority properly holds that a trial court must substantially comply with informing a defendant of his non-constitutional rights under Crim.R. 11(2)(C), which includes determining whether he understands the nature of the charges. The majority also correctly holds that the trial court need not engage in a detailed recitation of the elements of the charges or inquire into the defendant's understanding of the elements of the charges unless the totality of the circumstances dictates more.

**{¶26}** I would find that the totality of the circumstances in this case required the trial court to provide further explanation of the failure to appear charge to Appellant and establish that he understood its nature and agreed to plead guilty to it.

**{¶27}** The trial court here identified the failure to appear charge by name and Ohio Revised Code designation, and stated the range of penalties Appellant faced as to the charge. The court asked if Appellant's counsel had reviewed the charge with him. (Plea Tr., 3, 17, 19, 21, 23, 25, 26, 35). Appellant affirmed his counsel's review and thanked the trial court for its thoroughness. (Plea Tr., 51).

**{¶28}** However, when asked if he wanted to make any statement that he had not made before, Appellant questioned the failure to appear charge. (Plea Tr., 51). He informed the court that he had taken ill and was in the hospital. (Plea Tr., 51). He continued: "And I didn't feel that it was right that I got-- you know, I got a – I ended up

with a felony charge out of not being at the Court when I'm in the hospital. I just--that didn't settle-- still doesn't settle good with me." (Plea Tr., 51). The trial court answered that it understood. (Plea Tr., 51). Yet, Appellant continued, "I don't understand that. I was in the hospital." (Plea Tr., 51). The court again stated that it understood, and the transcript indicates that Appellant responded, "So…" (Plea Tr., 51-52). It appears that Appellant was awaiting further information from the court.

**{¶29}** But rather than taking the opportunity to further explain the charge and ensuring that Appellant understood what the charge entailed, the court merely asked, "[a]nything else?" (Plea Tr., 52). Appellant responded no and the trial court thanked Appellant for his comments and concluded the hearing. (Plea Tr., 52).

**{¶30}** Appellant expressed his lack of understanding of the nature of the charge. He told the court that he did not understand how he could be charged with felony failure to appear for a hearing when he was sick and in the hospital at the time of the hearing. The transcript of the plea colloquy confirms this.

**{¶31}** Accordingly, I would find that the trial court erred by accepting Appellant's guilty plea on the failure to appear charge. I would reverse the trial court's judgment, vacate his guilty plea, and remand the case for further proceedings.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**